After a jury trial in 2007, the defendant was convicted of indecent assault and battery on a child under the age of fourteen and attempt to commit the same crime. Upon review of his first motion for new trial,[2] the latter conviction was vacated. The defendant's appeal from the remaining conviction then proceeded in this court, where it was affirmed in an unpublished memorandum and order pursuant to our rule 1:28. See Commonwealth v. Cameron, 85 Mass. App. Ct. 1119 (2014). While his direct appeal was pending, he filed a second motion for new trial, which was denied without prejudice pending the outcome of his appeal. The defendant later filed a third motion for new trial, which was denied and is the subject of the present appeal. We affirm.
In his third motion for new trial, the defendant raised six grounds for relief. On appeal, he asserts error in the judge's decision on four of those grounds, each of which we now briefly summarize. First, the defendant argues that the trial judge erred in allowing the victim's mother to identify the defendant, which the motion judge deemed waived because it was not raised on direct appeal or in the defendant's initial motion for new trial. Second, the defendant argues that newly discovered evidence undermined the Commonwealth's case; the motion judge found that the evidence was not "new" because it was reasonably discoverable at the time of trial. See Commonwealth v. Cameron, 473 Mass. 100, 105 n.5 (2015). Finally, the defendant advances two claims of ineffective assistance of counsel-one dating back to trial counsel's closing argument, the second relating to appellate counsel's failure to raise the newly discovered evidence argument both on direct appeal and in the defendant's first motion for new trial. The motion judge determined there was no merit to the newly discovered evidence assertion, as he had already ruled it would not warrant a new trial, and therefore there was no error in counsel not advancing a failing argument. As to trial counsel's closing argument, the judge found that counsel's decision not to focus on minor discrepancies between different witnesses' testimony was reasonable and did not constitute ineffective assistance.
We review the denial of a motion for new trial to determine whether "a significant error of law or other abuse of discretion" occurred. Commonwealth v. Forte, 469 Mass. 469, 488 (2014), quoting from Commonwealth v. Grace, 397 Mass. 303, 307 (1986). Here, finding no such error, we affirm the judge's decision.
The judge did not abuse his discretion in deeming the defendant's identification argument to be waived, as "[a]ny grounds for relief not raised by the defendant in his original or amended motion for a new trial are 'waived unless the judge in the exercise of discretion permits them to be raised in a subsequent motion, or unless such grounds could not reasonably have been raised in the original or amended motion.' " Commonwealth v. Roberts, 472 Mass. 355, 359 (2015), quoting from Mass.R.Crim.P. 30(c)(2), as appearing in 435 Mass. 1501 (2001). Because this issue could have been addressed in the defendant's direct appeal or his first motion for new trial and it was not, the motion judge did not abuse his discretion in finding that the contention was waived.
Similarly, we conclude that it was within the judge's discretion to find that the evidence the defendant now contends is newly discovered was, in fact, not new but was "reasonably discoverable at the time of trial." Commonwealth v. Shuman, 445 Mass. 268, 271 (2005). The evidence he claims is newly discovered includes the following: a day planner reflecting his schedule at the time of the assault; evidence suggesting that a video game, movie, and DVD player all said to have been used on the night of the assault were not yet available for purchase; and photographs indicating that he wore glasses and had a mustache at the alleged time of the assault, which contradicted the mother's testimony. All of this, he contends, undermines the Commonwealth's case by creating inconsistencies between the alleged date and circumstances of the assault and the testimony presented. "A defendant seeking a new trial on the ground of newly discovered evidence must establish that the evidence was unknown to the defendant or trial counsel and not reasonably discoverable at the time of trial." Ibid. The judge found, and we agree, that none of this was "new" evidence. Further, the judge determined that the evidence now being put forward by the defendant was minor and inconsequential, such that it "does not cast real doubt on whether the sexual assault occurred."[3] Determining that the evidence in question could all have been discovered at the time of trial, it was well within the judge's discretion to deny the motion on those grounds.
Finally, we find no merit in either of the defendant's claims of ineffective assistance of counsel. Ineffective assistance of counsel is found upon a showing that "there has been serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). If that is found, we then determine "whether it has likely deprived the defendant of an otherwise available, substantial ground of defence." Ibid. Where, as here, a judge denies a motion for new trial brought on the basis of ineffective assistance of counsel, we review for abuse of discretion. Commonwealth v. Figueroa, 422 Mass. 72, 77 (1996). Accordingly, we must determine whether the judge's decision was within the "range of reasonable alternatives" available. L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). As we have already concluded that the defendant's argument regarding newly discovered evidence did not attack the substance of the conviction, counsel's failure to raise this argument in the first motion for new trial did not "deprive[ ] the defendant of an otherwise available, substantial ground of defence." Saferian, 366 Mass. at 96.
The defendant's assertion, in the same vein, regarding trial counsel's closing argument is likewise without merit. The defendant quibbles with counsel's failure to point out several minor variances between testimony of different witnesses. Counsel did, in fact, emphasize certain discrepancies in the evidence, and the motion judge had little doubt that the decision to focus on certain inconsistencies within the evidence was a strategic one. "Where an ineffective assistance of counsel claim is based on a tactical or strategic decision, we find error only if the decision was manifestly unreasonable when made." Commonwealth v. Field, 477 Mass. 553, 556 (2017). As noted by the motion judge, "reasonableness does not demand perfection." Commonwealth v. Kolenovic, 471 Mass. 664, 674 (2015). The judge further emphasized the fact that the crime in question took place ten years prior to trial and the victim was six years old at the time. We agree with the judge's analysis, and therefore discern no abuse of discretion in the denial of the motion for new trial on these grounds.
Order denying motion for new trial affirmed.

The defendant's direct appeal was stayed pending decision on the motion for new trial.

This evidence attacked only the alleged date of the assault, rather than the substance of the assault.