## COMMONWEALTH *vs.* FRANK GRACE.

Bristol. December 6, 1985. — April 15, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, JJ.

*Practice, Criminal*, New trial.

Discussion of the test by which a judge is to evaluate a motion for a new trial based on newly discovered evidence. [305-307]

On the Commonwealth's appeal from an order allowing a criminal defendant's motion for a new trial, this court remanded the matter for explicit findings whether the defendant had met his burden of showing that reasonable diligence would not have produced at an earlier relevant time two witnesses, allegedly newly discovered, whose testimony the motion judge accepted as corroborative of the recantation testimony of two trial witnesses. [307-310]

On the Commonwealth's appeal from an order allowing a criminal defendant's motion for a new trial, this court left undisturbed the motion judge's assessment of the credibility of revised testimony by two witnesses who had testified at the defendant's trial. [310-312]

The judge who allowed a criminal defendant's motion for a new trial could properly rely on affidavits from persons who did not testify at the hearing; in the circumstances, the judge's limited reliance on certain affidavits which, although filed and docketed, had not been received in evidence, could not be said to have prejudiced the Commonwealth's position. [312-313]

INDICTMENT found and returned in the Superior Court on October 4, 1972.

A motion for a new trial, filed on June 11, 1984, was heard by *Elizabeth J. Dolan*, J.

*Phillip L. Weiner*, Assistant District Attorney, for the Commonwealth.

*Robert W. Thuotte* (*Richard J. Innis* with him) for the defendant.

WILKINS, J. The Commonwealth appeals from an order of a judge of the Superior Court allowing the defendant's motion

for a new trial on an indictment charging him with murder in the first degree. We affirmed the defendant's conviction in *Commonwealth* v. *Grace*, 370 Mass. 746 (1976).[1] The ground of the defendant's motion considered at the hearing on his new trial motion followed from his brother Ross Grace's recantation of testimony he gave at their joint trial.[2] Ross Grace has now abandoned his claim of alibi, admits that he shot the victim, and asserts that the defendant was not present. Two witnesses (Cruz and Mendes), allegedly newly discovered, corroborated this revised testimony. A witness (Lassiter) who at trial had identified the defendant as the person who shot the victim now says that he is unable to identify the defendant "as being one of the gunmen."

After briefly describing the facts shown at the trial, we begin with the test by which a judge is to evaluate a motion for a new trial based on newly discovered evidence. Next, we discuss the standard of appellate review. We then consider the judge's findings and rulings with respect to the four witnesses whose testimony, in the judge's view, made the case for allowance of the new trial motion. We conclude that further findings are required concerning two of these witnesses and accordingly remand the case. We also discuss certain of the Commonwealth's other challenges to the judge's action to the extent they may bear on further proceedings in this matter.

For the basic factual background, we quote from our opinion in *Commonwealth* v. *Grace*, 370 Mass. 746, 747-748 (1976): "The evidence introduced by the Commonwealth and the de-

---

[1] At the same time, we affirmed the conviction of the defendant's brother Ross for the murder in the second degree of the same victim. *Commonwealth* v. *Grace*, 370 Mass. 759 (1976). Various postconviction proceedings challenging these convictions are described in *Commonwealth* v. *Grace*, 381 Mass. 753, 754-755 (1980).

[2] The motion, entitled "Defendant's Second Amended Motion for Post-Conviction Relief," states four grounds: (1) ineffective assistance of counsel; (2) defense counsel's prejudicial conflicts of interest; (3) a claim that the conviction was obtained by false testimony; and (4) the Commonwealth's failure to disclose evidence of promises, rewards, or inducements to its witnesses. Without waiving the other grounds asserted, the defendant agreed to limit the hearing on his motion to the third numbered ground.

fendant was highly contradictory. It was undisputed that the victim, Marvin Morgan, was shot on the street outside the West End Social Club in New Bedford on August 8, 1972, at approximately 11:30 P.M. after descending the stairs from the club. It was also undisputed that the shooting was observed by one Eric Baker, a cousin of the victim, and one Jasper Lassiter, both of whom had accompanied the victim from Providence to New Bedford earlier in the evening. The remainder of the evidence was sharply disputed, the Commonwealth's witnesses contending that the defendant was present and shot the victim, the defendant's witnesses corroborating the defendant's own testimony that he was elsewhere at the time of the shooting.

"The Commonwealth's chief witnesses, Baker and Lassiter, testified that they were coming down the stairs with the victim when two men, identified by them as the defendant Frank 'Parky' Grace and his brother Ross Grace, approached with guns drawn. The Graces ordered them up against a wall . . .." After an argument concerning an alleged "rip off," according to the trial testimony of Baker and Lassiter, the defendant shot the victim in the chest. *Id.* at 748.

A judge "may grant a new trial at any time if it appears that justice may not have been done." Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979). The judge must make "such findings of fact as are necessary to resolve the defendant's allegations of error of law." *Id.* A defendant seeking a new trial on the ground of newly discovered evidence must establish both that the evidence is newly discovered and that it casts real doubt on the justice of the conviction. See *Commonwealth* v. *Ortiz*, 393 Mass. 523, 537-538 (1984); *Commonwealth* v. *Brown*, 378 Mass. 165, 171 (1979); *Sharpe, petitioner*, 322 Mass. 441, 444-445 (1948). The evidence said to be new not only must be material and credible (*Commonwealth* v. *Brown, supra* at 172) but also must carry a measure of strength in support of the defendant's position. See *Commonwealth* v. *Brown, supra* at 171; *DeLuca* v. *Boston Elevated Ry.*, 312 Mass. 495, 497 (1942); *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 32-33 (1923). Thus newly discovered evidence that is cumulative

of evidence admitted at the trial tends to carry less weight than new evidence that is different in kind. See *Commonwealth* v. *Grace*, 370 Mass. 746, 753 (1976). Moreover, the judge must find there is a substantial risk that the jury would have reached a different conclusion had the evidence been admitted at trial. *Commonwealth* v. *Markham*, 10 Mass. App. Ct. 651, 654 (1980). The strength of the case against a criminal defendant, therefore, may weaken the effect of evidence which is admittedly newly discovered. *Commonwealth* v. *Dascalakis, supra* at 33. The motion judge decides not whether the verdict would have been different, but rather whether the new evidence would probably have been a real factor in the jury's deliberations. See *Davis* v. *Boston Elevated Ry.*, 235 Mass. 482, 495-496 (1920); *Commonwealth* v. *Markham, supra.* This process of judicial analysis requires a thorough knowledge of the trial proceedings (*Commonwealth* v. *Dascalakis, supra* at 32), and can, of course, be aided by a trial judge's observation of events at trial (*Commonwealth* v. *DeChristoforo*, 360 Mass. 531, 543 [1971]).

Not only must the allegedly new evidence demonstrate the materiality, weight, and significance that we have described, but it must also have been unknown to the defendant or his counsel and not reasonably discoverable by them at the time of trial (or at the time of the presentation of an earlier motion for a new trial). See *Commonwealth* v. *Brown, supra* at 171-172; *Commonwealth* v. *Grace*, 370 Mass. at 753-754; *Nicholas* v. *Lewis Furniture Co.*, 292 Mass. 500, 505-506 (1935). Cf. *Commonwealth* v. *Markham, supra* at 653 (evidence was not reasonably discoverable). The defendant has the burden of proving that reasonable pretrial diligence would not have uncovered the evidence. See *Sharpe, petitioner, supra* at 444-445; *Davis* v. *Boston Elevated Ry., supra* at 496; *Commonwealth* v. *Markham, supra* at 654 n.1.

The Commonwealth has an interest in ending litigation once a case has been fully and fairly tried. *Davis* v. *Boston Elevated Ry., supra.* A party seeking a new trial on the ground of newly discovered evidence must overcome this interest in finality by showing both the importance and the newness of that evidence.

If the motion judge concludes that the moving party has failed to establish one aspect of the burden, the judge need not, but may, consider the other.

Whether an appeal is from the granting or the denial of a motion for a new trial, an appellate court will examine the motion judge's conclusion only to determine whether there has been a significant error of law or other abuse of discretion. See *Commonwealth* v. *Brown,* 378 Mass. 165, 170-171 (1979); *DeLuca* v. *Boston Elevated Ry., supra* at 497; *Davis* v. *Boston Elevated Ry., supra* at 497. A reviewing court extends special deference to the action of a motion judge who was also the trial judge. See *Commonwealth* v. *DeChristoforo, supra* at 543. When, as here, the motion judge did not preside at trial, we defer to that judge's assessment of the credibility of witnesses at the hearing on the new trial motion, but we regard ourselves in as good a position as the motion judge to assess the trial record. *Commonwealth* v. *Leaster,* 395 Mass. 96, 101-102 (1985). *Commonwealth* v. *Ellison,* 376 Mass. 1, 16-17 (1978). We note that the motion judge here gave thorough attention to the entire record and that the issues depended largely on what was presented at the hearing on the motion for a new trial.

In deciding that the defendant had met his burden of showing that he was entitled to a new trial, the motion judge said that she could not "point to one witness or area of testimony in this case and say that it was sufficient to carry the defendant's burden." She found "the strong points to have been carried by the testimony of Lassiter, Cruz, and Mendes, together with the confession of Ross Grace." She said other testimony corroborated these strong points in varying degrees and that a survey of the entire case caused her to conclude that the evidence presented was "'so grave, material and relevant as to afford a probability that it would be a real factor with the jury in reaching a decision.' *Davis* v. *Boston Elevated Ry.,* 235 Mass. [482], 496 (1920)."

We shall analyze the testimony on which the judge principally relied, testing it and the judge's findings against the legal standards for a new trial discussed earlier in this opinion. As

will be seen, the judge's findings as to two of the witnesses who "carried" the strong points for the defendant are inadequate because they fail to focus sufficiently on the important question whether the witnesses' testimony was newly discovered. Because the judge's ultimate conclusion relies on the defendant's entire presentation, we must remand the case for further findings (and, in the judge's discretion, further hearing). Perhaps, depending on what those findings are, the judge may also need to redetermine her decision to allow the defendant a new trial and to consider other grounds on which the new trial motion was originally based. See n. 2 above. We do not imply that the judge's new trial order was unwarranted, nor do we imply what determinations she should make in her subsidiary findings or in her ultimate conclusions.

We deal in turn with each of the four crucial witnesses on whom the judge principally relied in allowing the defendant's motion for a new trial.

(a) Ronald Cruz, who was not a witness at the trial, testified at the hearing on the new trial motion that he saw the shooting from his apartment. He testified further that Ross Grace shot the victim and that the defendant, whom he had known most of his life, was not there. The motion judge found that Cruz was not known or available at the time of the trial and that his testimony was credible and material. The motion judge made no finding as to whether diligence would have produced Cruz as a witness at trial.

The Commonwealth complains that the defendant offered no proof that pretrial diligence in seeking witnesses would not have uncovered Cruz. Although in some situations reasonable diligence might require inquiry throughout an entire neighborhood, such an inquiry might not be reasonably expected in urban surroundings. The Commonwealth also argues that Cruz's testimony was not newly discovered because, as Cruz testified, he had disclosed the substance of his testimony to the defendant's prior appellate counsel at some unspecified time when "they were trying to re-open the case."

The motion judge appears to have treated Cruz's testimony as newly discovered. The defendant argues here that it was.

Appropriate findings and ruling are needed on the points the Commonwealth advances. On remand, the motion judge should consider explicitly whether the defendant has met his burden of showing that reasonable diligence would not have produced Cruz before trial and whether Cruz's testimony should have been presented in connection with any prior motion for a new trial. If Cruz's testimony is now newly discovered, it may nevertheless be material to the defendant's new trial motion, although standing alone that testimony could not justify allowance of the motion.[3]

(b) Donald Mendes, who also did not testify at the trial, testified at the hearing on the new trial motion that he was across the street from the West End Social Club talking with a friend when the argument that led to the shooting occurred. When he saw Ross Grace with a gun, Mendes started walking backward toward the corner of the building next to which he had been standing. At the corner, he turned and ran. He heard two shots. He knew both brothers and was positive that the defendant was not present.

The Commonwealth contends that the defendant failed to establish that Mendes would not have been discovered if the defendant and his counsel had exercised reasonable diligence in seeking to identify and locate bystanders. It adds that the record does not show that the defendant and his counsel were unaware earlier of Mendes's information. Certainly, it was generally known that numerous people were in the vicinity at the time of the shooting.

Mendes testified that he had telephoned the police shortly after the shooting and had said that he "was around the scene of a shooting," but was told they had enough witnesses. The police did not take his name. There is no indication of what, if anything, Mendes said concerning the shooting and certainly no suggestion that Mendes said anything about the defendant's not being present. The defendant has not shown that Mendes's

---

[3] We recognize that, if for either or both reasons discussed, Cruz's testimony is not newly discovered, that fact may have a bearing on one or more other grounds on which the new trial motion was based.

statements to the police were exculpatory statements that should have been turned over to the defendant.

The motion judge made no explicit finding that Mendes's testimony was newly discovered, although there may be an implicit finding that proper diligence would not have produced Mendes as a witness at an earlier relevant time. It is not clear, however, that the defendant argued below that Mendes's testimony was newly discovered. If it is the motion judge's intention to treat Mendes's testimony as newly discovered evidence, which, alone or with other evidence, warrants a new trial and if, in her view, the evidence calls for such a finding, on remand she should make that determination explicit. If Mendes's testimony is not newly discovered but is only part of the background for the allowance of the motion for a new trial, that fact should also be made clear. Evidence not newly discovered, as we have defined it, and not offered at trial, may have a reasonable bearing on the weight and reliability of newly discovered evidence. Mendes's evidence could, for example, provide support for a finding of the credibility of other witnesses.

(c) Jasper Lassiter was one of the two men standing beside the victim at the time of the shooting. At the trial Lassiter identified the defendant as the person who had shot the victim. At the hearing on the motion for a new trial, Lassiter recanted his testimony. He testified that Ross Grace had shot the victim and that he had not seen the defendant prior to the trial. Although Lassiter wavered somewhat on cross-examination, he insisted that he had not known the defendant before trial, and thus that he could not have properly identified the defendant as one who was present at the shooting. Eric Baker, the other principal witness for the Commonwealth at the trial, testified before the motion judge and persisted in his identification of the defendant as the killer.

The Commonwealth does not argue that Lassiter's testimony was previously known or discoverable. Rather it contends that Lassiter was not credible and that his testimony was not shown to be trustworthy. There is no doubt that a motion judge should give serious consideration to the credibility of a recanting witness's new testimony. See *Commonwealth* v. *Tobin*, 392 Mass.

604, 618 (1984). This is particularly true when, without sound explanation, a witness abandons his sworn testimony more than a decade later.

The motion judge heard Lassiter testify. We should not substitute our judgment on the credibility of Lassiter's revised testimony concerning the shooting and should not disturb the judge's findings unless they are clearly erroneous. Although Lassiter's reason for changing his testimony is not apparent and the motive to recant may be an important element in the fact-finding process, we cannot properly say that the judge's finding that Lassiter's revised testimony was credible was clearly erroneous. It was supported, for example, by the testimony of Cruz and Mendes.

(d) Ross Grace testified at trial that he had been elsewhere at the time of the shooting, and he presented alibi witnesses to support his story. At the hearing on the motion for a new trial, he confessed that he had shot the victim and said that the defendant had not been there. The judge noted that Ross Grace testified at the motion hearing "from a position of relative safety." Ross Grace could not be retried for murder in the first degree; his admission of guilt might even have aided his chances when soon he would become eligible for parole; and the uncertain prospect of a perjury indictment did not seem to be a particular concern to him.

The motion judge concluded that Ross Grace's confession was not "so devoid of credibility as to render it unworthy of all belief." The implication that he had nothing to lose in changing his story in order to help his brother was overcome, in the judge's view, because years before Ross Grace had told two separate counsel that he had shot the victim and his brother had not been there.[4]

The Commonwealth argues that Ross Grace's testimony was not shown to be trustworthy and that it was not newly discovered. For the same reasons we gave concerning Lassiter's

---

[4] One attorney testified to these facts. The other made the same representation in an affidavit. Ross Grace waived the attorney-client privilege as to both counsel.

recantation, we cannot properly say that the motion judge was plainly wrong in finding Ross Grace's new story not "unworthy of all belief."We are unable on the record to accept the Commonwealth's argument that Ross Grace's present story was not newly discovered. Surely, prior counsel, even though representing both brothers,[5] could not violate the confidences of the client Ross Grace. The evidence before the motion judge does not show that the defendant knew, at the time of trial or at the time of presenting previous new trial motions, that his brother Ross would testify that the defendant was not at the scene of the shooting. Indeed, at the trial Ross Grace denied under oath that he was present at the scene of the shooting.[6]

We now discuss certain of the Commonwealth's other concerns. The Commonwealth objects generally that the motion judge relied on evidence that was not new. A judge considering a new trial motion has the flexibility, however, to consider in the interest of justice all evidence that might bear on the issues presented. *Commonwealth* v. *McCarthy*, 375 Mass. 409, 415 (1978).

The Commonwealth specifically objects to the judge's reliance on five affidavits, four of which were not introduced in evidence, from persons who did not testify at the hearing.[7] It would not have been error to have excluded the affidavits to the extent they represented what the affiants were told by others. See *Commonwealth* v. *Doherty*, 394 Mass. 341, 347 (1985). Massachusetts R. Crim. P. 30 (c) (3), 378 Mass. 900 (1979), authorizes a motion judge to pass on the issues presented by a new trial motion "on the basis of the facts alleged

---

[5] One attorney to whom Ross Grace had confessed had apparently acted only at arraignment. The other later represented both brothers on appeal and in seeking other postconviction relief.

[6] Counsel who handled the Graces' appeals and certain postconviction matters testified that he had met with Ross Grace during the pendency of the appeal and had heard Ross say that the defendant was not at the scene of the shooting. Counsel said that the defendant was also present at almost all these conferences.

[7] It also objects to the admission of a police report. The police report adds nothing of significance to the record.

in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits." A motion judge, who has flexibility to choose the procedure by which to consider such a motion (*Commonwealth* v. *DeChristoforo*, 360 Mass. 531, 543 [1971]), could properly hear evidence and, as here, also admit certain affidavits in evidence to be considered only as to the personal knowledge of the affiant. Because challenged affidavits on which the judge may have relied to some very limited degree were not introduced in evidence (but apparently were filed and docketed), the Commonwealth may have been led to believe that the judge would not consider those affidavits. We do not see, however, that the affidavits of relatively unimportant witnesses, considered by the judge at most only in corroboration, in any way prejudiced the Commonwealth's position.

The order allowing the defendant's second amended motion for postconviction relief is vacated. The case is remanded for further consideration of that motion in light of this opinion.

*So ordered.*