COMMONWEALTH *vs.* KEITH A. NELSON. No. 01-P-498. August 23, 2002. *Practice, Criminal,* Assistance of counsel, New trial. *Constitutional Law,* Assistance of counsel.

The defendant appeals from an order denying his second motion for a new trial. We affirm.

On September 23, 1991, a jury convicted the defendant of murder in the second degree, assault, and illegal possession of a firearm. The judgments were affirmed by this court in an unpublished memorandum and order entered on October 11, 1996, pursuant to our rule 1:28. See *Commonwealth* v. *Nelson,* 41 Mass. App. Ct. 1112 (1996).

The defendant's first motion for a new trial, in which he claimed he had newly discovered evidence, was denied on June 11, 1999. On December 4, 2000, the defendant filed a second motion for a new trial, arguing that alleged newly articulated constitutional rights defined in *Commonwealth* v. *Mavredakis,* 430 Mass. 848, 861 (2000), applied retroactively, entitled him to a new trial. The motion included an affidavit from the defendant's uncle stating that the uncle had spoken to the arresting officer on the telephone and had stated to him, in reference to the defendant, "his mother will get a lawyer, and, if not, I will get him a lawyer." The motion also included the defendant's supplementary affidavit in which he stated that the interrogating officer had not mentioned to him that his mother or uncle was retaining legal counsel, but that the officer had told him that his uncle had said to "tell the truth." The defendant further claimed that he had new evidence that the investigating police officer had promised him leniency during his interrogation.[1]

On March 20, 2001, the trial judge denied the defendant's second motion for a new trial, ruling (1) that the court in *Mavredakis* did not articulate a new constitutional right, but merely determined that an already recognized right arose from art. 12 of the Massachusetts Declaration of Rights; (2) that even if *Mavredakis* articulated a new right, there were insufficient facts to establish a violation of the defendant's art. 12 rights; and (3) that the defendant's presence and apparent knowledge of the events upon which he based his new evidence claim suggested that the evidence could have been discovered before trial with reasonable diligence, and, therefore, the claim was untimely. This appeal ensued.

1. *Defendant's right to be notified of available legal assistance.* As noted, the defendant relies on *Commonwealth* v. *Mavredakis, supra* at 861, for the proposition that, under art. 12, a suspect in a police interrogation has the right to be notified when the police learn that someone, either a family member or an acquaintance, intends to retain legal counsel to act on the suspect's behalf. However, the holding in *Mavredakis* is not so expansive. In *Mavredakis,* the court held that when an attorney has identified himself or herself to the police as the suspect's legal counsel, either in person or by telephone, the police must end their interrogation, and notify the suspect of the attorney's efforts to render assistance. *Ibid.* The court stated in its decision that "the duty we announce concerns solely the obligation 'to apprise the defendant of a specific communication from his attorney that bore directly on the right to counsel.' "

---

[1]The defendant stated in the affidavit that the interrogating officer had said, "We'll give you two years, if you admit that" (i.e., the murder), and that he had been afraid of the officer.

*Ibid.* A promise made by a third party, however, is not the "concrete offer of assistance" by an attorney envisioned by *Mavredakis.* See *id.* at 859-860. Compare *Commonwealth* v. *Beland,* 436 Mass. 273, 286-287 (2002). The police, therefore, have no obligation to inform a suspect that a third party intends to retain legal counsel for the suspect.[2]

2. *Newly discovered evidence.* The defendant also claims that the confession secured by the police was based on unsolicited and unconstitutional legal advice of the investigating officer. The defendant offered, for the first time, his own affidavit in which he claimed that the investigating officer made an impermissible promise that the defendant would receive a two-year sentence if he confessed to the murder.

A defendant seeking a new trial on the ground of newly discovered evidence must "establish both that the evidence is newly discovered and that it casts real doubt on the justice of the conviction." *Commonwealth* v. *Grace,* 397 Mass. 303, 305 (1986). The defendant has the burden of proving that the allegedly new evidence was "unknown to the defendant or his counsel and not reasonably discoverable by them at the time of trial (or at the time of the presentation of an earlier motion for a new trial)." *Id.* at 306. Here, the trial judge's finding that the defendant obviously was present and would apparently have had knowledge of these statements at the time at which they were made, belies the defendant's claim that he is offering new evidence that was not reasonably discoverable. As a result, the defendant's claim is not timely and, thus, waived. See *Commonwealth* v. *McLaughin,* 364 Mass. 211, 226 (1973). We conclude that the judge did not abuse his discretion in denying the defendant's second motion for a new trial.

*Order denying second motion for new trial affirmed.*

*Robert O. Berger, III,* for the defendant.

*David W. Cunis,* Assistant District Attorney, for the Commonwealth.

---

[2]Furthermore, *Mavredakis* did not articulate a new constitutional right to be notified of available legal assistance, as the defendant suggests. It merely articulated a rule "designed to effectuate the protections against self-incrimination afforded to suspects under art. 12." *Commonwealth* v. *Beland,* 436 Mass. at 288.

