The defendant appeals from the denial of his motion for new trial without an evidentiary hearing. The motion was based on the defendant's claim that trial counsel was ineffective for failing to request an entrapment instruction, and that appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness on direct appeal.[2] We affirm.
We review the denial of a motion for a new trial "only to determine whether there has been a significant error of law or ... abuse of discretion." Commonwealth v. Acevedo, 446 Mass. 435, 441 (2006), quoting from Commonwealth v. Grace, 397 Mass. 303, 307 (1986). Reversal under this standard "is particularly rare where[, as here,] the judge acting on the motion was also the trial judge." Commonwealth v. Moore, 408 Mass. 117, 125 (1990). A defendant complaining of ineffective assistance must establish (1) a serious incompetency of trial counsel ("behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer") and (2) the resulting deprivation of "an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). Where, as here, the motion judge has denied the motion for new trial without conducting an evidentiary hearing, we assess "whether the motion or affidavits have raised a 'substantial issue' that would require an evidentiary hearing." Commonwealth v. DeVincent, 421 Mass. 64, 67 (1995).
Here, the defendant's ineffective assistance claim is based on trial counsel's alleged failure to request an entrapment instruction and appellate counsel's failure to raise the issue of ineffective counsel on direct appeal. The defendant's argument depends on whether the evidence at trial, viewed in the light most favorable to him, entitled him to an entrapment defense.[3]
We have carefully reviewed the transcript portions the defendant has submitted and, taken in the light most favorable to him, they show the following: On July 2, 2012, the defendant answered the door at his girl friend's house at 22 Rosedale Street in the Dorchester section of Boston, where he lived. It was a two-unit building occupied by various family members. At the door was a FedEx delivery person who stated he had a package for one Sandra Kevin at 22 Rosedale Street, Dorchester. The defendant stated he was not familiar with that name, denied knowing anyone of that name, and stated that no one of that named lived at that address. In response to the defendant's inquiry, the deliveryman "leaned the package forward for [the defendant] to see the address." The deliveryman then told the defendant he "need[ed] to sign for it" and then "told [the defendant] that he was going to leave it on the porch and that he [didn't] want to do that since, I mean, just sign for it and just take the package." The deliveryman also stated that "anybody can sign for a FedEx, that [the defendant] could just sign for it, that it's okay." Feeling "pressured," the defendant signed for the package thinking it might be for a neighbor. The entire exchange occurred over a matter of minutes.[4]
Although the threshold to raise entrapment as a defense is low, the defendant must show more than mere solicitation. Commonwealth v. Shuman, 391 Mass. 345, 351 (1984). See Commonwealth v. LaBonte, 25 Mass. App. Ct. 190, 194 (1987) ("By the established rule, an issue of entrapment is not raised unless it appears that a Commonwealth agent did something more than merely request or solicit the defendant to do the acts that comprised the given crime"). Indicia of entrapment include "aggressive persuasion, coercive encouragement, lengthy negotiations, pleading or arguing with the defendant, repeated or persistent solicitation, persuasion, importuning, and playing on sympathy or other emotion." Commonwealth v. Tracey, 416 Mass. 528, 536 (1993). Entrapment occurs "when the criminal design originates with the officials of the Government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute." Sorrells v. United States, 287 U.S. 435, 442 (1932). "The fact that government agents merely furnish opportunities or facilities for committing the offence does not defeat prosecution. Artifice and stratagem may be employed to catch those engaged in criminal enterprises." Commonwealth v. Miller, 361 Mass. 644, 651 (1972).
Assuming for the sake of argument that the evidence showed more than mere solicitation and trial counsel should therefore have requested an entrapment instruction, we nonetheless conclude that the defendant has failed to show that the motion judge abused her discretion in denying the motion for new trial on the second prong of Saferian. The motion was not supported by affidavits from trial counsel or from appellate counsel. See Mass.R.Crim.P. 30(c)(3), as appearing in 435 Mass. 1501 (2001). It is impossible to tell what trial counsel's strategy was and whether an entrapment instruction would have furthered, or been inconsistent with, the defense pursued at trial. The motion judge (who, as we have noted, was also the trial judge) appears to have concluded that different work by counsel would not have produced a better result because, in the end, the jury did not credit the defendant's testimony that he did not know what the package contained. On this record, and taking into account that the motion judge was also the trial judge, we cannot conclude otherwise.
Order denying motion for new trial affirmed.

See Commonwealth v. Ogie, 87 Mass. App. Ct. 1119 (2015).

To the extent the motion judge's decision can be read to suggest that the facts should be assessed in light of the jury's adverse credibility judgment, the decision is not correct.

In his affidavit submitted in connection with his motion for new trial, the defendant stated that the FedEx deliveryman was actually a State police officer, who convinced him that anyone could sign for the package, and that he did "exactly what [the officer] told me to do." To the extent this differed from the trial evidence, the motion judge was entitled to disregard it because the question whether the facts entitled the defendant to an entrapment instruction was to be assessed relative to the trial evidence. In any event, the motion judge was not required to credit the affidavit. Commonwealth v. Vaughn, 471 Mass. 398, 405 (2015).