The defendant, Isaias Rodriguez, appeals from the order denying his sixth motion for a new trial. We affirm.
Discussion. "We review the denial of a motion for new trial 'only to determine whether there has been a significant error of law or other abuse of discretion.' " Commonwealth v. Indrisano, 87 Mass. App. Ct. 709, 719 (2015), quoting from Commonwealth v. Acevedo, 446 Mass. 435, 441 (2006). Moreover, we extend "special deference" where, as here, the judge acting on the motion was also the trial judge. Commonwealth v. Rosario, 460 Mass. 181, 195 (2011), quoting from Commonwealth v. Grace, 397 Mass. 303, 307 (1986).
1. Newly discovered evidence. The defendant claims that the judge abused his discretion in denying the defendant's motion because newly discovered evidence-specifically, a building permit application demonstrating that the addition to the defendant's house, where the victim testified he first sexually assaulted her, had not been completed at the time-casts real doubt on his convictions.
"A defendant seeking a new trial on the ground of newly discovered evidence must establish both that the evidence is newly discovered and that it casts real doubt on the justice of the conviction." Rosario, supra, quoting from Grace, supra at 305. To qualify as "newly discovered," the evidence must have been " 'unknown to the defendant or trial counsel and not reasonably discoverable at the time of trial' or at an earlier motion for a new trial." Commonwealth v. Ellis, 475 Mass. 459, 472 (2016), quoting from Commonwealth v. Cowels, 470 Mass. 607, 616 (2015). Newly discovered evidence casts real doubt on a conviction if it "would probably have been a real factor in the jury's deliberations." Ellis, supra at 477, quoting from Cowels, supra.
"We need not reach the issue of whether the evidence is 'newly discovered,' however, since it plainly was waived." Cowels, supra at 617. See Mass.R.Crim.P. 30(c)(2), as appearing in 435 Mass. 1501 (2001). "A finding of waiver does not end the analysis, however. All claims, waived or not, must be considered." Commonwealth v. Randolph, 438 Mass. 290, 293 (2002). Where a claim is waived, the judge's decision will not be reversed unless the defendant demonstrates the existence of an error that creates a substantial risk of a miscarriage of justice. Id. at 294. There was no error.
The defendant himself signed the building permit application in 1993. With reasonable diligence, he or his attorney could have obtained a copy for use at his trial in 2002 or in any of his previous five new trial motions. It does not qualify as "newly discovered" evidence.
Furthermore, while the building permit suggests that construction could not have commenced until 1993, it does not provide a completion date. If the permit had been admitted at trial, the jury could have reasonably concluded that construction was completed in 1993 and that the assault occurred later that year. Moreover, the evidence would have been relevant only to impeach the victim's testimony. "Newly discovered evidence that tends merely to impeach the credibility of a witness will not ordinarily warrant a new trial." Commonwealth v. Ortiz, 393 Mass. 523, 537-538 (1984). And even if the jury concluded that the victim was mistaken about the timing of the first sexual assault, it was only the first instance of years of sexual abuse by the defendant. Thus, the building permit application would not have "been a real factor in the jury's deliberations." Ellis, supra.
2. Integrity of the grand jury proceedings. The defendant also claims that the Commonwealth impaired the integrity of the grand jury by withholding the building permit application. Like his claim of newly discovered evidence, this claim is waived and we review any error under the miscarriage of justice standard.
The defendant bears the burden of demonstrating that the integrity of the grand jury process was impaired. See Commonwealth v. Clemmey, 447 Mass. 121, 130-131 (2006). He must show not only that the false or deceptive evidence would "have been significant in the view of the grand jury," but also that the prosecutor presented the evidence "with knowledge that it was false or deceptive." Commonwealth v. Mayfield, 398 Mass. 615, 621 (1986). The defendant has not carried this burden because he has failed to show that the Commonwealth had knowledge or possession of the building permit. See Commonwealth v. Tucceri, 412 Mass. 401, 407 (1992) (prosecutor's duty "extends only to exculpatory evidence in the prosecutor's possession or in the possession of the police who participated in the investigation and presentation of the case").
3. Claim of perjured testimony. Finally, the defendant claims he is entitled to a new trial because the victim lied about the timing of the assault in the addition and that she and her boy friend lied about the number of times he had visited her bedroom. This court has addressed the defendant's claims regarding witness credibility in at least two of his prior appeals. The current version of the claim is waived, and it does not suggest a substantial risk of a miscarriage of justice.
Order denying sixth motion for new trial affirmed.