On February 14, 2013, the defendant, George N. Maroskos, was convicted of misleading a police officer with the intent to obstruct a criminal investigation, in violation of G. L. c. 268, § 13B. The defendant filed a motion for new trial arguing that his conviction must be reversed because of a recently decided Supreme Judicial Court decision, Commonwealth v. Paquette, 475 Mass. 793 (2016). The defendant asserted that Paquette established new requirements for a conviction under § 13B, and, based on those requirements, there was insufficient evidence to convict him. The defendant's motion was denied. The defendant appealed, arguing that the judge abused his discretion. We affirm.
Discussion. A judge may grant a new trial "at any time if it appears that justice may not have been done." Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001). We review a judge's ruling on a motion for new trial "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Acevedo, 446 Mass. 435, 441 (2006), quoting from Commonwealth v. Grace, 397 Mass. 303, 307 (1986). The judge denied the defendant's motion for new trial because the judge remained convinced that the elements of the crime, as defined in § 13B and further explained in Paquette, were met.
The defendant argues on appeal that (1) the Paquette decision created new law, and, thus, applies retroactively to the defendant; and (2) there was insufficient evidence to support a finding that the defendant "misled" the police as that term is interpreted in Paquette. "[W]here a conviction is final, and the defendant is proceeding with a collateral challenge, new criminal rules should not be applied retroactively unless they fall within either of two very limited exceptions."[2] Commonwealth v. Sullivan, 425 Mass. 449, 454 (1997) (citation and quotation omitted). We conclude that the Paquette decision does not fall within one of the limited exceptions. In fact, the Paquette decision merely "clarif[ies] ... the meaning of 'misleads' as it appears in § 13B," and cites with approval Commonwealth v. Fortuna, 80 Mass. App. Ct. 45 (2011), and Commonwealth v. Morse, 468 Mass. 360 (2014), both of which were published prior to the final disposition of the defendant's case.[3] Paquette, supra at 800. Even if we were to apply the rationale in Paquette to the defendant's case, we would nevertheless conclude that the judge did not abuse his discretion in finding that there was sufficient evidence to prove that the elements of the crime were met.[4]
Order denying motion for new trial affirmed.

"The first exception applies if the new rule places certain kinds of primary, private individual conduct beyond the power of the criminal law ... to proscribe.... The second exception [is] that a new rule should be applied retroactively if it requires the observance of those procedures that ... are implicit in the concept of ordered liberty, limited, however, to those new procedures [of fundamental fairness] without which the likelihood of an accurate conviction is seriously diminished." Sullivan, supra at 454 n.9 (citations and quotations omitted).

This court affirmed the defendant's conviction in his direct appeal on August 12, 2015, 87 Mass. App. Ct. 1139, and the Supreme Judicial Court denied the defendant's application for further appellate review on October 2, 2015, 473 Mass. 1102.

In considering this claim, we examined the evidence in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).