The defendant appeals from an order entered November 21, 2017, denying his third motion for a new trial, in which he sought to withdraw his pleas of guilty to two counts of larceny, in violation of G. L. c. 266, § 30 (1), malicious destruction of property, in violation of G. L. c. 266, § 127, and one count of breaking and entering into a building in the night with intent to commit a felony, in violation of G. L. c. 266, § 16.[3] We affirm.
Background. The defendant is a native and citizen of Cape Verde. He immigrated to the United States in 2005, when he was either fifteen or sixteen years old. At the time he committed the offenses at issue, the defendant was a legal permanent resident and resided with his mother and brothers in Brockton. On September 23, 2009, while he was in custody,[4] the defendant was served with a notice of removal proceedings. The defendant appeared before an immigration judge, who entered an order of removal in June, 2010.
The defendant contends, as he did in his two prior motions for a new trial, that defense counsel was ineffective for not adequately advising him of the deportation consequences of his guilty pleas. See Padilla v. Kentucky, 559 U.S. 356, 367-369 (2010) ; Commonwealth v. DeJesus, 468 Mass. 174, 180 (2014). The motion judge, who was the same judge who presided over the defendant's plea hearing, denied the defendant's motion in a well-reasoned memorandum of decision. Based on an affidavit submitted by defense counsel, the judge found that, although counsel was aware of the defendant's immigration status and discussed the risk of deportation with him, counsel did not specifically inform the defendant that it was a "virtual certainty" that he would be deported as a result of pleading guilty. As a result, as the judge put it, she was constrained to conclude that counsel's behavior fell "measurably below that which might be expected from an ordinary fallible lawyer." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
However, as the judge explained, in the circumstances presented, the defendant also had the burden to demonstrate "a 'reasonable probability' that, 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Commonwealth v. Clarke, 460 Mass. 30, 47 (2011), quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985). Under Clarke and its progeny, the defendant was required to show:
"(1) he had an 'available, substantial ground of defence,' Saferian, [366 Mass.] at 96, that would have been pursued if he had been correctly advised of the dire immigration consequences attendant to accepting the plea bargain; (2) there is a reasonable probability that a different plea bargain (absent such consequences) could have been negotiated at the time; or (3) the presence of 'special circumstances' that support the conclusion that he placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty. Hill, [474 U.S.] at 60."
Clarke, supra at 47-48. See DeJesus, 468 Mass. at 183. The judge made detailed findings on each of the required factors and found that the defendant had not met his burden on any of them and, as a result, denied the motion.
Discussion. We review the denial of a motion for a new trial for abuse of discretion. See Commonwealth v. Grace, 397 Mass. 303, 307 (1986). We discern no abuse of discretion in the conclusions reached by the judge. We begin with the premise that plea counsel's advice fell short of the competence required under Padilla and DeJesus, and turn to the issue of whether the defendant can demonstrate prejudice as a result of counsel's conduct.
First, the record demonstrates that the defendant did not have an available substantial ground of defense. The Commonwealth's evidence, as summarized in the judge's memorandum of decision, was strong. The defendant's claim, put forth in his affidavit, that he was not in the vicinity of the store from which the property, a video game system, was stolen, is undermined by the admissions he made to the police after receiving his Miranda warning. In addition, there was evidence that a witness reported seeing the defendant's car in the area of the robbery and the very same video game system taken from the store was found in the defendant's bedroom the following day.[5] Furthermore, when a detective searched the defendant's car, the detective saw a hand-held radio belonging to Showcase Cinema, the defendant's former employer. The defendant claimed he forgot to return it upon leaving his employment; however, according to the manager of the cinema, he was never permitted to possess it.
Second, the defendant has not shown that a different plea bargain could have been negotiated. In fact, the deal that was struck was advantageous and would have kept the defendant out of jail had he not violated the terms of his probation. As the Commonwealth notes in its brief, "the [d]efendant faced up to twenty years in [S]tate prison on the breaking and entering charge, ... up to ten years in [S]tate prison on the charge of malicious destruction of property over $250, ... up to five years in [S]tate prison on the larceny over $250 charge, ... and up to one year in jail on the charge of larceny under $250." Instead, he was sentenced to eleven months of probation. See note 3, supra.
Finally, the defendant has not demonstrated any special circumstances that support the conclusion that he would have placed special emphasis on the immigration consequences that would result from deciding whether to plead guilty. In his affidavit, the defendant states that he was nineteen years old and enrolled in high school at the time he pleaded guilty. He lived with his mother, whom he intended to support, and brothers -- the only family he knew -- and was fearful of returning to Cape Verde. We agree with the judge, who concluded that none of these circumstances were sufficient to show that the defendant would have chosen to proceed to trial rather than plead guilty had he understood the strong likelihood of his removal from the United States. Moreover, as the judge correctly noted, we do not consider the defendant's marriage, the birth of his child, or his business endeavors in determining whether he established "special circumstances," as none of those circumstances existed at the time he entered his guilty pleas.
Order denying third motion for new trial affirmed.

The defendant pleaded guilty to one count of larceny of property valued over $250 and one count of property valued under $250. The defendant also pleaded guilty to malicious destruction of property valued over $250. In 2018, G. L. c. 266, § 30 (1), and G. L. c. 266, § 127, were each amended to increase the value of the subject property to $1,200. The recent alterations to these statutes have no bearing on the defendant, however, because his guilty pleas entered in 2008.

The defendant was sentenced to an eleven-month term of probation in accordance with a joint recommendation. He subsequently violated his probation and was sentenced to serve one year in a house of correction (ninety days of the sentence to be served with the balance suspended).

In his affidavit, the defendant also asserts that the video game system was unlawfully seized and that counsel should have presented a motion to suppress. Based on the record before us, we conclude such a motion had little to no chance of succeeding. In any event, as we have noted, the defendant made a detailed confession.