NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-408

COMMONWEALTH

vs.

ROLAND ELLISON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is the defendant's appeal from a Superior Court judge's 2022 order denying, without a hearing, the defendant's third motion for a new trial. In the motion, the defendant primarily argued that his trial counsel had been ineffective; he also asserted a variety of pretrial and trial errors by the Commonwealth and the trial judge. Reviewing the order denying the motion for "a significant error of law or other abuse of discretion," we affirm. Commonwealth v. Grace, 397 Mass. 303, 307 (1986).

Background. The defendant's appeal from his 2012 conviction of assault and battery on a correctional officer, and his appeal from the order denying his first motion for a new trial were consolidated for appellate purposes. In an unpublished decision, a different panel of this court rejected

the defendant's claim of ineffective assistance of trial counsel and thus affirmed the conviction and the order denying his motion for a new trial. Commonwealth v. Ellison, 87 Mass. App. Ct. 1128 (2015). In 2017, the defendant filed his second motion for a new trial, again asserting ineffective assistance of trial counsel. The trial judge denied that motion, and a different panel of this court, in a second unpublished decision, affirmed that order. Commonwealth v. Ellison, 94 Mass. App. Ct. 1103 (2018).

Discussion. 1. Ineffective assistance. In his third motion for a new trial, the defendant argued that trial counsel was ineffective because counsel assertedly (1) failed to hire and call an independent defense expert on competence to stand trial; (2) failed to investigate and argue a defense of lack of criminal responsibility (including by failing to appeal from the order denying the defendant's motion for an additional competency examination); and (3) failed to assert a "blind rage" defense based on the defendant's state of mind during the crime.[1] To prevail on a claim of ineffective assistance of counsel, a defendant must establish that counsel's performance fell "measurably below that which might be expected from an ordinary fallible lawyer" and "likely deprived the defendant of an

---

[1] This claim was also asserted against prior appellate counsel.

otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

Here, the defendant failed to make any argument in his motion, let alone establish, that counsel's performance had deprived him of an otherwise available, substantial ground of defense. The furthest the defendant went in this regard was to assert, in conclusory fashion and without citing any supporting evidence, that counsel's failure to hire an independent expert on the defendant's mental health issues "denied [him] an otherwise available defense." The defendant did nothing to show that he had a meritorious argument of incompetence to stand trial or a meritorious defense of lack of criminal responsibility. Nor did the defendant assert or establish that a "blind rage" defense would have accomplished any more for him than the trial strategy counsel pursued, which was to argue that the defendant attacked the correctional officer after becoming enraged by derogatory remarks the officer made about the defendant's mother, who had recently passed away. Accordingly, the motion judge did not abuse his discretion in rejecting the defendant's claims of ineffective assistance of counsel. See Grace, 397 Mass. at 307.

2. Other claims. The defendant also asserted in his motion, again in conclusory fashion, that the trial judge erred in (1) admitting and considering Dr. Frank Wilson's report on

3

the defendant's mental health; (2) denying the defendant's motion for funds and ordering an "[u]nconstitutional mental health . . . examination"; and (3) failing to inform the defendant and his counsel of how the defendant was going to be evaluated and of the right to appeal from the order denying the motion for funds for an independent expert. The defendant further asserted in his motion that the verdict was "against the [w]eight of the [e]vidence," and the prosecutor "sold" the grand jury "[s]hoddy [m]erchandi[s]e" and "went along with" the inaccurate testimony of a psychiatrist.[2]

None of these arguments were supported by citations to the record or any relevant legal authority. On appeal, moreover, the defendant's vague and scattered assertions on these issues do not constitute acceptable appellate argument. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019). See also Maroney v. Planning Bd. of Haverhill, 97 Mass. App. Ct. 678, 683 n.8 (2020); Commonwealth v. Gaudette, 56 Mass. App. Ct. 494, 502 n.8 (2002) (defendant's "fleeting assertions" of error in denial of motion for new trial did "not rise to the level of appellate argument within the comprehension of Mass. R. A. P. 16"). We need not address them further, except to say that we

---

[2] The defendant makes an additional argument in his brief, not raised below, that he was, in some unspecified way, denied the equal protection of the laws.

see no abuse of discretion in the motion judge's decision not to order a new trial on these grounds.[3]  See Grace, 397 Mass. at 307.

3.  Evidentiary hearing.  The defendant also challenges the denial of his request for an evidentiary hearing on his motion. However, the defendant did not submit a new affidavit in support of his motion[4] and did not identify any particular issue on which an evidentiary hearing would be helpful.  "It was not error for the judge who denied the motion for a new trial also to deny the defendant an evidentiary hearing on that motion; the defendant's submissions raised no substantial issues."  Commonwealth v. Scoggins, 439 Mass. 571, 578 (2003).

> Order dated April 6, 2022, denying motion for new trial, affirmed.
>
> By the Court (Sacks, Shin & D'Angelo, JJ.[5]),
>
> *Joseph F. Stanton*
>
> Clerk

Entered:  August 3, 2023.

---

[3] In addition, where the defendant has not shown any error at trial, his argument of cumulative error has no merit.  See Commonwealth v. Garcia Brito, 402 Mass. 761, 767-768 (1988) (no cumulative error where defendant's individual claims of error fail).

[4] He only submitted a copy of a 2012 affidavit from counsel in support of his motion for additional examination.

[5] The panelists are listed in order of seniority.

5