Five years after pleading guilty to drug and firearms offenses in the District Court, the defendant filed a motion for new trial (once amended) seeking to vacate his guilty pleas after learning of the misconduct of Annie Dookhan, the chemist who performed the confirmatory tests on the cocaine in his case.[2] Following a hearing, the judge denied the amended motion, adopting the Commonwealth's argument that the defendant had failed to meet his burden of proof. On appeal the defendant claims that the judge abused her discretion because (1) there was a reasonable probability that he would not have pleaded guilty had he known of Dookhan's misconduct, and (2) the judge applied the wrong burden of proof. We affirm.
Background. After fleeing from police officers, the defendant was arrested in possession of a firearm, cocaine, and marijuana. The suspected controlled substances were sent to the Hinton lab for testing and Dookhan performed the secondary test on the suspected cocaine, confirming that the substance tested positive for the presence of cocaine. Dookhan did not test the seized marijuana.
Thereafter, the defendant entered into a global plea agreement with the Commonwealth in this case and two unrelated Superior Court cases. Pursuant to that plea agreement and a joint sentencing recommendation, the defendant pleaded guilty to (and was sentenced on) the following counts in the District Court: (1) carrying a loaded firearm without a license (twelve months, from and after the sentence on count five);[3] (3) possession with intent to distribute marijuana (six months); (4) resisting arrest (six months); (5) carrying a firearm without a license (eighteen months); (6) possession of cocaine with intent to distribute (six months); and (7) committing a drug violation in a school zone (two years from and after the sentences imposed on counts three and six).[4] All of the District Court sentences were ordered to run concurrently with State prison sentences imposed in the first Superior Court case (the 2007 case), in which the defendant received an aggregate committed sentence of five years to five years and one day on charges including armed assault with intent to murder and assault and battery by means of a dangerous weapon.[5] In the second Superior Court prosecution (the 2008 case) the defendant pleaded guilty to (and was sentenced on) possession of cocaine with intent to distribute (one year and one day), and possession of marijuana with intent to distribute (one year concurrent).[6]
Discussion. We review a defendant's motion to withdraw his guilty pleas as a motion for new trial. Commonwealth v. Furr, 454 Mass. 101, 106 (2009). We evaluate the judge's decision to deny the motion "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Acevedo, 446 Mass. 435, 441 (2006), quoting from Commonwealth v. Grace, 397 Mass. 303, 307 (1986).
To prevail on a motion to withdraw his guilty pleas, a defendant is required to establish (1) that there was egregious government misconduct in his case, (2) which had materially influenced his decision to plead guilty. Commonwealth v. Scott, 467 Mass. 336, 347-358 (2014). As the Commonwealth concedes, here Dookhan's participation in the analysis of the seized substance was sufficient to establish a conclusive presumption of egregious government misconduct. Id. at 354. However, after considering the totality of the circumstances, the judge concluded that the defendant failed to satisfy the second prong of Scott. That is, the defendant failed to "demonstrate a reasonable probability that he would not have pleaded guilty had he known of Dookhan's misconduct." Id. at 355. We discern no abuse of discretion in this conclusion.
In Scott, the Supreme Judicial Court recognized that "a defendant's decision to tender a guilty plea is a unique, individualized decision, and the relevant factors and their relative weight will differ from one case to the next." Id. at 356. Among the factors a motion judge should consider are whether evidence of the misconduct could have detracted from the factual basis supporting the guilty plea, and whether the value of the evidence was outweighed by the benefit the defendant received from the plea agreement. Id. at 355-356.
We agree with the Commonwealth that, in this case, the evidence against the defendant was strong. The firearm, cocaine, and marijuana were all seized by the police from the defendant's person. Dookhan had no involvement in the charges related to the firearm and the marijuana. The marijuana charge would have served as a predicate for the school zone charge had the case proceeded to trial. Thus, Dookhan's misconduct would not have affected the strength of the evidence on those charges.[7]
Moreover, there was other evidence of the nature of the white powder in the defendant's possession. In addition to the physical examination of the substance by experienced officers, the Commonwealth's evidence included a positive test by the primary chemist. See Commonwealth v. Antone, 90 Mass. App. Ct. 810, 817 (2017) (defendant had to consider that primary test may be admitted in evidence even though confirmatory test by Dookhan inadmissible). There was also evidence of a positive field test by the police before the evidence was submitted to the laboratory.[8] Although not conclusive that the white powder seized from the defendant was, in fact, cocaine, "a presumptively positive field test, with proper foundation, may be of persuasive weight" to a fact finder. Commonwealth v. Marte, 84 Mass. App. Ct. 136, 141-142 (2013). Thus, independent of Dookhan's confirmatory test, there was evidence which, if admitted, would support a conclusion that the substance possessed by the defendant was cocaine.
Even assuming that Dookhan's misconduct would have provided a substantial ground of defense on the cocaine charge in the District Court, it would not have affected the more serious charges, including armed assault with intent to murder, pending in the 2007 case in Superior Court. On that charge, the defendant faced a maximum sentence of twenty years' imprisonment and a minimum mandatory sentence of five years. G. L. c. 265, § 18(b ). In light of the defendant's lengthy criminal history, it was reasonable to anticipate that a conviction at trial would result in a sentence that far exceeded the five-year mandatory minimum. The defendant would also have been aware that convictions after trials in the District Court and Superior Court prosecutions could result in consecutive sentences. Yet the defendant negotiated a favorable global disposition in which his sentences in the District Court were served concurrently with the longer aggregate committed sentence in the 2007 case, which was equal to the minimum mandatory sentence on the more serious Superior Court charge in that case. In these circumstances, where there was other evidence of the nature of the suspected cocaine, and the defendant received a significantly reduced sentence as part of the global plea agreement, the defendant has failed to demonstrate a reasonable probability that he would not have pleaded guilty to the drug charges had he known of Dookhan's misconduct.
The defendant argues that the allowance of a similar motion for new trial in the 2008 Superior Court case should inform our analysis in this case. We disagree. While the 2008 Superior Court case and the instant prosecution were considered together by the parties for purposes of the global plea agreement, the motions for new trial were filed and considered separately. The motion for new trial in the 2008 Superior Court case was allowed on June 26, 2013. The motion for new trial in this District Court case was not filed until September 17, 2015, over two years later, shortly after the defendant was indicted as an armed career criminal in a third Superior Court prosecution. Moreover, there were substantive differences between Dookhan's role in the 2008 case and her role in the District Court prosecution. Dookhan was the primary chemist responsible for conducting the testing in the 2008 case, but only performed the confirmatory testing in this case. Thus, on the limited record before us, we cannot conclude that the order allowing the motion for new trial in the 2008 case is inconsistent with our decision here.
Simply put, in the totality of circumstances in this case, where (1) the defendant risked a far greater period of incarceration if he proceeded to trial, (2) evidence of the positive primary test and the field test of the cocaine may have been admitted at trial, (3) the evidence against him on the noncocaine offenses was strong, (4) Dookhan's testimony was not necessary to prove the noncocaine charges, and (5) the defendant avoided a potential lengthy State prison sentence in an unrelated case, the motion judge did not abuse her discretion when she denied the defendant's request to withdraw his guilty pleas.
Finally, we see no merit in the defendant's claim that, in adopting the argument set forth in the Commonwealth's written opposition, the judge employed an incorrect burden of proof. We have reviewed the Commonwealth's memorandum in opposition to the motion for new trial. It correctly states that "[a] defendant who has received the benefit of this conclusive presumption of misconduct [set forth in Scott, 467 Mass. at 354 ] must still show a reasonable probability that he would not have pleaded guilty had he known of the misconduct." We see no reason to conclude that the judge misapplied this well-settled standard.
Order denying amended motion for new trial affirmed.

Dookhan pleaded guilty to multiple counts of evidence tampering and obstruction of justice, all related to her handling and testing of drug samples at the William A. Hinton State Laboratory Institute (Hinton lab). See generally Commonwealth v. Scott, 467 Mass. 336, 337-342 (2014).

Count two was dismissed as duplicative.

The sentences on counts three, four, six, and seven were also to run concurrently with the sentence on count five.

The other included crimes were a silencer charge and carrying a loaded firearm while intoxicated.

Because in the 2008 case Dookhan was the primary chemist testing the cocaine and the sole chemist testing the marijuana, the defendant's motion in the Superior Court to withdraw those guilty pleas was allowed, and the charges were ultimately dismissed at the request of the Commonwealth.

On the record before us, we are not persuaded by the defendant's claim that, had he known of Dookhan's misconduct, he would have pursued a meritorious motion to suppress the evidence seized from his person because the police lacked reasonable suspicion to stop him. The cases upon which he relies, Commonwealth v. Warren, 475 Mass. 530 (2016), and Commonwealth v. Meneus, 476 Mass. 231 (2017), were decided after the defendant had waived his motion to suppress and pleaded guilty. Therefore, they could not have influenced the defendant's decision to plead guilty.

The defendant challenges the assertion that there was a positive field test on the suspected cocaine because there is no reference to a field test in the testing officer's police report. The officer's affidavit, however, states that he conducted a field test and that the substance tested positive for cocaine. This conflict in the evidence would likely have affected the weight, not the admissibility, of the field test evidence.