The defendant, Eugene C. Bertini, appeals from an order of the District Court denying his three motions for new trial pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2009).[2] The defendant was adjudicated a delinquent child and was committed to the Department of Youth Services (the department) until he was eighteen years old. As such, the defendant argues that the Juvenile Court retained jurisdiction over him and that the District Court therefore lacked jurisdiction to prosecute him for subsequent criminal offenses. We disagree and affirm the motion judge's order denying the defendant's motions for new trial.
Background. The defendant was born in June, 1973. In November, 1986, he was adjudicated delinquent and placed on one year's probation. In January, 1987, the defendant was committed to the department until he was eighteen years old. In March of 1990, when he was sixteen years old, the defendant was charged with abandoning a motor vehicle. Later in 1990, when the defendant was seventeen years old, he was charged by separate complaints with leaving the scene of an accident causing property damage and being a disorderly person.
On August 28, 1990, the charge of abandoning a motor vehicle was "dismissed at the request of the complainant with the consent of the defendant." On October 4, 1990, the defendant admitted to facts sufficient to prove the crime of leaving the scene of an accident causing property damage and the case was continued without a finding; the District Court subsequently converted the disposition to a guilty finding on November 26, 1990. Also on November 26, 1990, the defendant pleaded guilty to the disorderly person charge.
Twenty-six years later, in August, 2016, the defendant filed three motions pursuant to Mass.R.Crim.P. 30(b), arguing that the District Court lacked subject matter jurisdiction for each charge because the defendant was previously adjudicated a delinquent child, committed to the department, and remained exclusively under the jurisdiction of the Juvenile Court. The defendant also argued that he was deprived of a transfer hearing pursuant to G. L. c. 119, § 61 (now repealed). See St. 1990, c. 267, § 3, for text of statute prior to repeal. Following a hearing, the motion judge denied the defendant's motions.
Discussion. We review the denial of the defendant's motions filed pursuant to Mass.R.Crim.P. 30(b)"to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986).
As an initial matter, the defendant's motion for a new trial on the charge of abandoning a motor vehicle is moot because the complaint was dismissed. We therefore consider only the defendant's two remaining motions.
At the time of the defendant's offenses, a "delinquent child" was defined as "a child between seven and seventeen who violates any city ordinance or town by-law or who commits any offence against a law of the commonwealth" (emphasis added). G. L. c. 119, § 52, as amended through St. 1960, c. 353, § 1. The defendant relies on G. L. c. 119, § 58, as amended through St. 1973, c. 925, § 42, which provided at the time that a delinquent child may be committed to the department "until such child becomes eighteen." The defendant maintains that, because he was adjudicated as a delinquent child, placed on probation, and committed to the department's custody, the Juvenile Court retained jurisdiction over him for all subsequent offenses until he turned eighteen years old. We disagree.
The Juvenile Court did not maintain jurisdiction over the defendant for all subsequent offenses until he reached eighteen years of age. See Elliot v. Commonwealth, 478 Mass. 1017, 1018 (2018) (although defendant was committed to department at time of subsequent offense, "[b]ecause a seventeen year old was not, at the time, considered a 'child,' the Juvenile Court did not have jurisdiction over the matter"). The Juvenile Court retained jurisdiction over the defendant only for matters pertaining to his 1986 offense-an offense that occurred before he turned seventeen-and resulted in the Juvenile Court placing him on probation and in the department's custody. At the time of the defendant's offenses at issue here, the District Court maintained original jurisdiction over all other misdemeanor offenses, "complaint of which shall be brought in the division of the district court department" wherein the offense allegedly occurred. G. L. c. 218, § 26, as amended by St. 1978, c. 478, § 187. The motion judge concluded, and we agree, that "[t]he defendant was seventeen years old at the time he was charged in the Woburn District Court" for the offenses at issue here and, "[t]herefore, under the statute in effect at the time, he was an adult for purposes of jurisdiction."
Because we hold that the District Court had jurisdiction over the then seventeen year old defendant, we need not address the defendant's argument regarding a transfer hearing pursuant to G. L. c. 119, § 61.[3] Other arguments raised by the defendant "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).
Order denying defendant's motions for new trial affirmed.

The defendant's motions were each labeled "Defendant's motion pursuant to Mass.R.Crim.P. 30 [b] to vacate [the disposition] for lack of subject matter jurisdiction." A motion filed pursuant to Mass.R.Crim.P. 30(b) is a motion for a new trial.

Nevertheless, as a panel of this court ruled in a separate appeal involving the defendant where he raised similar arguments, we note that the Commonwealth was not required, pursuant to the statute, to request a transfer hearing before proceeding with misdemeanor charges against the defendant in District Court. See Commonwealth v. Bertini, 90 Mass. App. Ct. 1116 (2016).