The defendant, Jerry Thompson, pleaded guilty to a criminal complaint charging him with indecent assault and battery on a person fourteen years of age or older, threating to commit a crime, and intimidation of a witness. At the plea colloquy, the judge failed to inform the defendant, as required by the rules of criminal procedure, that the conviction of indecent assault and battery could make him subject to adjudication as a sexually dangerous person (SDP). See Mass.R.Crim.P. 12(c)(3)(A)(ii)(b), as appearing in 470 Mass. 1501 (2015).
After the defendant had served the committed portion of his sentence, the Commonwealth did in fact initiate SDP proceedings. See G. L. c. 123A, § 12(b ). A Superior Court judge found probable cause and committed the defendant to the Massachusetts Treatment Center in Bridgewater for evaluation. See G. L. c. 123A, §§ 12(c ), 13(a ). The defendant was released approximately three and one-half months later, when the Commonwealth moved to dismiss its petition.
Almost one year later the defendant filed a motion to withdraw his guilty pleas, claiming that if he had been warned about the possibility of SDP commitment, he would not have pleaded guilty. He filed an affidavit to that effect in support of the motion, along with an affidavit of plea counsel, who professed no memory of whether he discussed the possibility of civil commitment with the defendant. After an evidentiary hearing at which the defendant testified, the plea judge denied the motion. The judge did not credit the affidavit or the testimony of the defendant, nor did he credit plea counsel's affidavit. "Considering the defendant's jail exposure and the strength of the Commonwealth's case," the judge found that the defendant had failed to demonstrate "that knowledge of the possibility of civil confinement would have materially affected his decision to plead guilty." This appeal followed.
As the judge noted, the defendant's burden is set forth in Commonwealth v. Roberts, 472 Mass. 355, 364-365 (2015) :
"[W]here a judge improperly neglects to inform a defendant of the possibility that his or her conviction could serve as a predicate for civil confinement as a sexually dangerous person, the defendant must demonstrate a reasonable probability that but for the judge's error he or she would not have pleaded guilty and would have insisted on proceeding to trial.... Although, at a minimum, the defendant must aver facts suggesting prejudice, the averment must be credible in the sense that the decision not to plead guilty would have been rational under the circumstances."
We do not consider the "rational under the circumstances" standard enunciated in Roberts, supra at 365, to be substantially different from the reasonable person standard described in Commonwealth v. Lavrinenko, 473 Mass. 42, 55 & n.16 (2015). Both require the defendant first to aver that the information he lacked would have materially affected his decision to plead guilty, see Roberts, supra; Lavrinenko, supra at 55, and both require that the defendant's claim in this regard must be objectively reasonable. See Roberts, supra; Lavrinenko, supra. In other words, a motion judge need not credit a defendant's fanciful claim that he would have chosen to go to trial if such a decision would not have been objectively reasonable in the circumstances at the time.
A judge's decision to deny a motion to withdraw a guilty plea is reviewed "only to determine whether there has been a significant error of law or other abuse of discretion." Lavrinenko, supra at 47, quoting from Commonwealth v. Grace, 397 Mass. 303, 307 (1986). We discern no error of law or abuse of discretion. The defendant's averment that he would have gone to trial had he been told of the possibility of SDP proceedings was not credible in the sense that there is not "a reasonable probability that a reasonable person in his circumstances would have chosen to go to trial." Lavrinenko, supra at 56.
The judge's endorsement denying the motion properly noted the strength of the Commonwealth's case and the defendant's sentencing exposure had he gone to trial, two factors specifically mentioned in Roberts, supra.[2] The judge also noted at the evidentiary hearing that the defendant "was represented by experienced criminal counsel," which is another Roberts consideration.
Finally, a judge may consider "the likelihood of civil confinement in light of any evidence relevant to the other elements of sexually dangerous person status." Ibid. At the hearing on the motion the judge observed that, at the time of the plea, "there [were not] any historic or prior convictions for sexually related offenses." Although there was some evidence at the time that the defendant might have had a personality disorder,[3] there was no indication whatsoever he suffered from the type of disorder that "makes the person likely to engage in sexual offenses if not confined to a secure facility." G. L. c. 123A, § 1, as appearing in St. 1999, c. 74, § 6 (definition of SDP). Indeed, plea counsel argued exactly that in requesting a continuance without a finding ("[H]e doesn't have a history of sex offense; that's not his M.O., so to speak.... [H]e's not someone that's likely to sexually reoffend"). In short, a reasonable person in the defendant's circumstances would not have perceived the possibility of SDP commitment as a serious risk, and there was no reasonable probability that it would have been a decisive factor altering his decision to plead guilty.
Order denying motion to withdraw guilty pleas affirmed.

When asked at the evidentiary hearing on the motion whether the possibility of SDP commitment would have been a factor in his decision to plead guilty, the defendant responded candidly that "at that moment, [he] was really thinking about getting the C[W]OF," which was the sentence that defense counsel recommended on the indecent assault and battery charge. When defense counsel attempted to focus the defendant on whether the risk of SDP commitment might have affected his decision, he responded, "Yeah. Definitely.... I wouldn't want to go back there again, never." This answer was based on knowledge that the defendant did not have at the time of the guilty pleas. "A judge may ... consider 'the timing of [the] request to vacate the plea,' ... [and] 'the force and plausibility of the proffered reason.' " Roberts, supra (citations omitted).

In connection with the criminal complaint, the defendant was admitted to Bridgewater State Hospital for mental health evaluation under G. L. c. 123, § 18(a ). An evaluation performed there "noted that he has not exhibited features of serious mental illness in the jail setting, and instead manifests behavior patterns consistent with personality disorder."