Following a jury-waived trial in the District Court, the defendant was convicted of assault and battery on a family or household member, in violation of G. L. c. 265, § 13M (a ). After filing an appeal from the conviction, he filed two postconviction motions, one requesting a new trial and the other requesting discovery and expert funds. This court stayed appellate proceedings, and the motions were acted on by the trial judge, who denied them. Before us is the defendant's consolidated appeal from his conviction and the two orders denying the postconviction motions.
Background. The jury could have found the following facts. At approximately 10 P.M. , on February 2, 2016, Brockton police Sergeant David Farrell and Officer Lucas Pedro were dispatched to the victim's home to investigate a report of an altercation between the defendant and the victim's son. The victim, who had been sleeping in her bedroom, woke up when the police arrived. When she joined the defendant and the police in the living room, the defendant said, "I didn't hit you," to which the victim responded, "[Y]ou didn't hit me tonight but what about last night?" When asked about the incident by Sergeant Farrell, the victim was not forthcoming, refusing to provide any additional information. In addition, she refused to show Sergeant Farrell her injuries and did not show him any photographs of those injuries.
The defendant was arrested on the basis of the victim's allegations. While en route to the police station, the defendant said to Officer Pedro, "You're arresting me now, that was last night?"[2]
On the day of trial, the victim gave the prosecutor two photographs depicting the injuries she claimed to have sustained on February 1, 2016. She stated that she had taken the photographs with her cellular telephone (cell phone) on the night of February 1. One photograph showed scratches on the victim's face, and the other showed a bruise on her arm. Before trial commenced, the prosecutor informed the judge of her intent to introduce the photographs. Defense counsel objected, but did not request a continuance; the objection was overruled. After the victim authenticated the photographs, they were admitted in evidence, over renewed objection by defense counsel. As noted, the judge found the defendant guilty and subsequently denied his two postconviction motions.
Discussion. 1. The defendant's direct appeal. The defendant argues that the late disclosure of the photographs deprived him of his right to a fair trial. We disagree.
To be sure, it is regrettable that the photographs were not produced earlier by the victim. However, there is nothing in the record that demonstrates the defendant's strategy was altered as a result of receiving notice of the photographs on the day of trial. The defendant's strategy focused on undermining the victim's credibility. To this end, defense counsel ably cross-examined the victim about her motive to fabricate the incident by suggesting that she made up the allegations to deflect attention from her son to the defendant. Defense counsel also effectively challenged the victim's claim that two friends had seen the injuries by emphasizing the fact that neither friend testified at trial or was present in court. He also appropriately argued that the victim's refusal to show her injuries or any photographs of her injuries to Sergeant Farrell on the night the defendant was arrested further demonstrated that she was not credible. In sum, even if defense counsel had to make some adjustments as a result of receiving the photographs on the day of trial, the defendant has failed to establish that he was prejudiced by the late disclosure. See Commonwealth v. Stote, 433 Mass. 19, 22-23 (2000).
Moreover, as the Commonwealth notes in its brief, it is significant that the defendant did not request a continuance to investigate the matter. See Commonwealth v. Emerson, 430 Mass. 378, 382 (1999). See also Commonwealth v. Nolin, 448 Mass. 207, 223-225 (2007) (any adverse consequences from delayed disclosure of evidence sufficiently mitigated by grant of continuance to conduct further investigation). Under the circumstances presented here, however, it was unclear that further investigation would undercover exculpatory evidence. The defendant therefore was not deprived of his rights to a fair trial.
2. Motion for postconviction discovery and expert funds. The victim testified that she took the photographs of her injuries with her cell phone, but the photographs provided to the prosecutor and defendant, and admitted in evidence, were in print form. Represented by new counsel, the defendant filed a postconviction motion for discovery seeking "the digital files connected to the photographs." He further requested access to the victim's cell phone, current home and former work computers, and "cloud storage account" in order to examine the electronically stored data (metadata) attached to the digital image of each photograph. The defendant argues that access to the victim's cell phone is critical because the metadata attached to the digital images would provide the date and time the photographs were taken, and if, as the defendant alleges, the photographs were not taken on February 1, 2016, then it would be clear that the victim was not truthful. Access to the computers and the "cloud storage account" also is important, the defendant contends, because it is likely the victim downloaded the photographs onto one of her computers.[3] In support of his motion, the defendant submitted an affidavit from a computer and cell phone "digital forensic examiner," who described the various modes of extracting metadata from cell phones. The motion was denied by the trial judge in a margin endorsement.
The defendant has the burden of making "a sufficient showing that the discovery is reasonably likely to uncover evidence that might warrant granting a new trial." Commonwealth v. Daniels, 445 Mass. 392, 407 (2005). That burden was not met here. To begin with, it is unknown whether the victim preserved the digital images of the photographs or whether the cell phone is still in the victim's possession. Nor is there a reasonable basis for concluding that the photographs were downloaded to a computer or stored elsewhere. Lastly, as stated above, the defendant was able to effectively challenge the victim's credibility at trial. The judge did not abuse her discretion in denying the motion.
3. Motion for new trial. The sole ground relied upon by the defendant in support of his motion for new trial is that he was prejudiced by the late disclosure of the photographs. The decision whether to grant a new trial is within the sound discretion of the motion judge and will be reviewed only to determine whether there has been a significant error of law or other abuse of discretion. Commonwealth v. Grace, 397 Mass. 303, 307 (1986). Having already determined that the defendant failed to show that he was prejudiced from the late disclosure of the photographs, the judge did not abuse her discretion in denying the motion.
Judgment affirmed.
Orders denying motions for postconviction relief of new trial and for postconviction discovery and expert funds affirmed.

The Commonwealth contends that the defendant's statement amounts to a confession to the crime. The defendant disagrees with this characterization. We recognize that the statement is somewhat ambiguous, but we need not resolve the matter as our analysis does not rely on the statement.

The defendant claims that the hard drive of the computer he formerly shared with the victim had been damaged and therefore requested funds to hire an expert to repair the hard drive so that its data can be retrieved.