Following a jury-waived trial the defendant, William Johnson, was convicted of home invasion, assault by means of a dangerous weapon, breaking and entering in the daytime, two counts of threatening to commit a crime, and malicious destruction of property.[2] Nine years later, the defendant filed his second motion for a new trial, arguing that newly discovered evidence cast real doubt on the justice of his home invasion conviction. The trial judge denied the motion without an evidentiary hearing, and the defendant now appeals. We affirm.
A judge has discretion to grant a new trial under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), "any time it appears that justice may not have been done." Commonwealth v. Scott, 467 Mass. 336, 344 (2014). Whether the judge granted or denied the motion, an appellate court will reverse only where "there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). We accord special deference to the findings of the motion judge who was also the trial judge. Scott, 467 Mass. at 344.
"A defendant seeking a new trial on the basis of newly discovered evidence must establish both that the evidence is newly discovered and that it casts real doubt on the justice of the conviction." Commonwealth v. Pike, 431 Mass. 212, 218 (2000). Evidence is newly discovered if at the time of trial, or an earlier motion for new trial, the evidence was "unknown to the defendant or his counsel ... [and] reasonable pretrial diligence would not have uncovered" it. Grace, 397 Mass. at 306. To cast real doubt on the conviction, the "evidence must be material and credible," Pike, 431 Mass. at 218, and "carry a measure of strength in support of the defendant's position." Grace, 397 Mass. at 305. "The motion judge decides not whether the verdict would have been different, but rather whether the new evidence would probably have been a real factor in the [fact finder's] deliberations." Id. at 306.
The defendant based his motion on an affidavit of the victim and principal trial witness, Carmen Burgos. The defendant contends that Burgos recanted her trial testimony by stating, "I believe [the defendant's] conviction and sentence are a terrible injustice." Burgos avers that she opposed the defendant's prosecution, repeatedly informing the prosecutor that she "wanted [the defendant] to get help and not be locked up." In addition, the defendant points to Burgos's statement that if she had been contacted by the defense, she would have testified that at the time of the incident she was aware that the defendant suffered from mental illness, and that he broke into her apartment under the delusional belief that she was in danger, intending to rescue, not harm, her.
Burgos's affidavit does not contain newly discovered evidence. If the defendant was not actually aware of Burgos's advocacy on his behalf at the time of trial or his first motion for new trial, he could have discovered it through reasonable diligence. See Grace, 397 Mass. at 306. The defendant had known Burgos for many years in both a social and professional capacity, and she considered him a friend. As the victim and principal witness, it was inevitable that Burgos would testify at trial, and the defendant could have obtained an identical affidavit before trial or elicited the same information on cross-examination.
Nor can Burgos's knowledge of the defendant's alleged mental illness be considered newly discovered. The defendant's main defense at trial was that he suffered from a delusion and broke into Burgos's apartment to save, not harm, her. Burgos's affidavit states that she has "decades of experience with [the defendant's] mental illness and was involved in getting him services." In particular, in her work for a counselling agency, Burgos helped the defendant locate housing and "often acted as a go-between for social services caseworkers." Burgos's opinion of the defendant's mental illness was thus known to or readily discoverable by the defendant at trial.
Furthermore, Burgos's affidavit is not so material that it "would probably have been a real factor in the [fact finder's] deliberations." Id. at 306. She does not recant her trial testimony, but rather expresses regret at the consequences of the defendant's conviction. A defendant is not entitled to a new trial because "with the benefit of hindsight, any collateral or contingent consequences flowing from the conviction appear to work an unfairness." Commonwealth v. Wheeler, 52 Mass. App. Ct. 631, 635 n.8 (2001).
Nor is Burgos's claim, that she could have aided the defendant's mental illness defense, material. The defendant offered extensive expert testimony that he could not be held criminally responsible because he broke into Burgos's apartment under a delusional state. The information in Burgos's affidavit "is not substantially different from the defense offered at trial," Commonwealth v. Shuman, 445 Mass. 268, 272 (2005) ; it is "merely cumulative," and not grounds for a new trial. Commonwealth v. Vieira, 401 Mass. 828, 838 (1988), quoting Commonwealth v. Medina, 380 Mass. 565, 576 (1980).
The judge did not commit legal error or an abuse of discretion in denying the defendant's second motion for a new trial without an evidentiary hearing.[3]
Order denying second motion for new trial affirmed.

Shortly after trial, the defendant filed his first motion for new trial claiming ineffective assistance of counsel. His appeal from the denial of that motion was consolidated with his appeal of the underlying convictions. A panel of this court affirmed the denial of the new trial motion and all of the convictions save for malicious destruction of property over $250, which was reduced to malicious destruction of property under $250. See Commonwealth v. Johnson, 78 Mass. App. Ct. 1107 (2010).

As the defendant's motion and affidavits did not raise "a substantial issue [supported] by a substantial evidentiary showing" (quotation omitted), the judge was not required to hold an evidentiary hearing. Scott, 467 Mass. at 344.