Following a jury trial, the defendant, Matthew Graham, was found guilty of assault and battery by means of a dangerous weapon (a shod foot) and sentenced to eighteen months in a house of correction. The defendant filed a timely notice of appeal followed by a motion for a new trial soon thereafter. His motion for a new trial, which was denied, was based on newly available evidence. The defendant then filed a timely notice of appeal following the order denying his motion. We affirm.
Background. At Graham's trial, the victim, Dreux Carroll, asserted his Fifth Amendment to the United States Constitution right against self-incrimination and did not testify. At Graham's probation violation hearing in Superior Court, however, Carroll waived his Fifth Amendment right and testified as to the events concerning the night of the crime.[1] Carroll testified that he started the fight with Graham because he thought that Graham was someone else. According to Carroll, Graham was sitting in his car with the window rolled down when Carroll walked up to him, punched him, and pulled him out of the car. Carroll claimed to be drinking that night and said that he did not remember anything after starting the fight. Despite talking to police that same night, Carroll testified that he did not remember talking with them. Based on this new testimony, Graham filed a motion for a new trial and a hearing was held before the trial judge. The judge was provided with a transcript of Carroll's testimony from the probation violation hearing.[2] After reviewing this evidence, the judge denied Graham's motion and this appeal followed.
Discussion. 1. Standard of review. "In a motion for a new trial based on new evidence, the defendant must show that the evidence is either 'newly discovered' or 'newly available' and that it 'casts real doubt' on the justice of the defendant's conviction." Commonwealth v. Sullivan, 469 Mass. 340, 350 (2014). The evidence must also be "material and credible" and "carry a measure of strength in support of the defendant's position." Commonwealth v. Wright, 469 Mass. 447, 461 (2014), quoting Commonwealth v. Grace, 397 Mass. 303, 305 (1986). In view of such evidence, the judge must determine "whether there is a substantial risk that a jury would reach a different conclusion if presented with the newly available evidence." Commonwealth v. Cintron, 435 Mass. 509, 516 (2001), overruled in part on other grounds by Commonwealth v. Hart, 455 Mass. 230 (2009). See Wright, supra.
In reviewing a judge's denial of a motion for new trial, we determine "whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Robideau, 464 Mass. 699, 702 (2013), quoting Grace, 397 Mass. at 307. Here, the motion judge, who was also the trial judge, denied the motion for new trial. That decision is entitled to special deference. See Commonwealth v. Figueroa, 422 Mass. 72, 77 (1996).
2. Analysis. Graham argues that the judge abused his discretion because he relied on evidence not admissible at trial in denying the motion. The judge ultimately found that Carroll's testimony was not credible, listing seven specific reasons in his decision in support of this conclusion. Graham takes issue with the judge's reliance on medical records, the judge's conjecture regarding an unidentified woman who Carroll claimed to be with on the night of the crime, and his reliance on a security video showing Graham chasing Carroll. We will address each piece of evidence in turn.
First, we conclude that the judge's reliance on the medical records to support his conclusion that they "do not corroborate Carroll's claim of alcohol consumption" was proper. A redacted version of Carroll's medical records were agreed to and introduced at trial for the jury to consider. Graham argues that the records do not show that Carroll was sober; however, they fail to mention any alcohol consumption or intoxication of Carroll. Thus, it was proper for the judge to use these records to support Carroll's lack of credibility.
Next, we agree with the Commonwealth that the judge did not use the unknown female as one of the reasons why Carroll was not credible. Rather, while summarizing the facts and procedural history of the case, the judge stated that Carroll was not called as a witness at the hearing, nor was there an effort to locate the female that Carroll claimed to be with on the night of the crime. Accordingly, it appears that the judge was simply recounting the facts surrounding the motion for new trial, and did not consider this factor in his determination of Carroll's credibility.
Lastly, the Commonwealth concedes that it was improper for the judge to consider the surveillance video because it was excluded from trial. Having reviewed the record, we agree. However, even without this video, there was enough other admissible evidence used by the judge in making his credibility determination. The judge "properly '[took] into account his knowledge of what occurred at trial [in order to] assess questions of credibility.' " Commonwealth v. Spray, 467 Mass. 456, 472 (2014), quoting Commonwealth v. Ortiz, 393 Mass. 523, 536-537 (1984). The judge did not find Carroll credible because his testimony was not supported by other evidence presented at trial, such as photographs and descriptions of Carroll's and Graham's injuries, the recovery of Carroll's cellular telephone (cell phone) from Graham's motor vehicle, and witness testimony. See Commonwealth v. Lessieur, 472 Mass. 317, 332 (2015) ("The judge properly relied on [his] knowledge of the trial in making [his] findings"). If Carroll "were to testify at a new trial, his credibility would be damaged in such a way ... that his new testimony would be relatively worthless." Commonwealth v. Waters, 410 Mass. 224, 231 (1991), quoting Ortiz, 393 Mass. at 537. Carroll's credibility would also be damaged by his own prior statements. At the hearing, Carroll only remembered what he did during the fight and not what Graham did. Accordingly, the judge properly took into account Carroll's selective recall of his fight with Graham despite giving a detailed statement to one of the officers at the hospital after the fight occurred. See Cintron, 435 Mass. at 518 (witness's testimony did not warrant new trial based on newly available evidence where witness could have been impeached with prior statements had he testified at trial). See also Ortiz, 393 Mass. at 537.
Graham also argues that there is insufficient evidence to infer that he and Carroll are "anything but strangers." "A finder of fact may rely on common sense when analyzing the evidence and the reasonable inferences that follow." Commonwealth v. Frongillo, 66 Mass. App. Ct. 677, 680 n.8 (2006). See Commonwealth v. Arias, 29 Mass. App. Ct. 613, 618 (1990). Evidence at the probation violation hearing established that Carroll and Graham were serving sentences at the same prison and that Carroll saw Graham on the day of the hearing. Based on this, it was reasonable for the judge to infer that the two may have had communications prior to Graham's probation violation hearing, and it was proper for the judge to use this inference when considering Carroll's credibility. See Commonwealth v. Jones, 432 Mass. 623, 628 (2000) ("The inferences drawn from the evidence need not be necessary and inescapable, only reasonable and possible").
In conclusion, where the motion judge was also the trial judge, we give substantial deference to his finding that Carroll was not a credible witness. The judge properly concluded that there is no substantial risk that a jury would have reached a different result if presented with Carroll's testimony.
Judgment affirmed.
Order denying motion for new trial affirmed.

Graham's probation violation was based on his conviction of the charge in this case.

A different judge presided over the probation violation hearing.