NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-736

COMMONWEALTH

vs.

KERR CARRINGTON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a 2009 Superior Court jury trial, the defendant was convicted of larceny of a motor vehicle, the theft of a vehicle from a car dealership.  That conviction and an order denying his motion for a new trial were affirmed by a panel of this court in an unpublished decision.  See Commonwealth v. Carrington, 82 Mass. App. Ct. 1106 (2012).[1]  In 2022, the defendant filed his fifth motion for a new trial, arguing that as a Black man charged with a crime "featuring white victims," he was deprived of what he claimed was his right to ask the predominantly white prospective jurors individual voir dire questions concerning racial bias.[2]  The trial judge having retired, a motion judge

---

[1] The defendant's subsequent three motions for a new trial -- filed in 2013, 2014, and 2016, respectively -- were also denied.
[2] The defendant's motion was vague, but we construe it as directed to individual voir dire conducted by attorneys or

heard the motion and denied it on the ground that the defendant was not entitled to individual voir dire regarding race. The defendant has appealed; we affirm.

On appeal of a ruling on a motion for a new trial, we ordinarily review for "a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). Where, as here, "the motion judge did not preside at trial and did not conduct an evidentiary hearing," an appellate court is "in as good a position as the motion judge to assess the trial record and therefore review[s] the motion judge's decision de novo." Commonwealth v. Watkins (No. 1), 486 Mass. 801, 803-804 (2021).

The defendant's motion argued that racial bias voir dire is now "mandated" for Black defendants in all Superior Court trials. But neither the statute, nor the rule, nor the case law he cites supports that claim. The defendant's equal protection argument is also unavailing.

1. G. L. c. 234A, § 67D. The defendant's motion argued that individual racial bias voir dire was required under G. L. c. 234A, § 67D, inserted by St. 2016, c. 36, § 4. That statute, however, provides in pertinent part that "the court shall

_____

parties rather than by the judge. His appellate brief refers to current practices in regard to "informing Black and Brown defendants of their [r]ight to inquire whether potential jurors are biased based upon skin color/race" (emphasis added).

2

permit, <u>upon the request</u> of any party's attorney or a self-represented party, the party's attorney or self-represented party to conduct an oral examination of the prospective jurors at the discretion of the court" (emphasis added).  <u>Id</u>.  See <u>Commonwealth</u> v. <u>Colon</u>, 482 Mass. 162, 181 (2019) (under § 67D, "attorneys seeking to ask questions about ethnic bias would now have some leeway to do so during attorney-directed voir dire, which was not available to defense counsel at the time of the defendant's trial").

Here, a review of the docket and trial transcript shows that neither the defendant (who was proceeding pro se) nor his standby attorney ever requested voir dire, let alone proposed any specific individual voir dire questions regarding racial bias.[3]  The defendant does not claim otherwise.  Nor can the defendant point to anything in the statute that requires a judge to inform attorneys or parties of the opportunity to request attorney- or party-conducted voir dire.  Thus, even if the statute was fully retroactive, or had been in effect at the time of the defendant's trial, he was not denied any right under the statute.

---

[3] The trial judge did ask the venire, "Is any of you aware of any bias, prejudice, or preconceived notion of any kind which would affect your ability to be a fair and impartial juror in the case?"  No prospective juror answered in the affirmative.

2. <u>Superior Court Rule 6</u>. The defendant also argued that the voir dire he sought was mandated by Rule 6(1) and 6(3) of Rules of the Superior Court (2017). Rule 6(1) by itself, however, creates no mandates. Rather, it provides that a trial judge "has discretion to determine a procedure for examining and selecting jurors designed to . . . identify explicit and implicit bias," among other things. Rule 6(1) also states that the remainder of the rule "provides a standard procedure for each civil and criminal case unless otherwise ordered by the trial judge, while permitting attorneys and self-represented parties a fair opportunity to participate in voir dire so as to identify bias."

The defendant fares no better under rule 6(3). Under rule 6(3)(a), by a specified time prior to trial, parties may request attorney/party voir dire, including "proposed subject matters or questions for inquiry." Under rule 6(3)(b), "[t]he trial judge shall allow attorney or party voir dire <u>if properly requested</u> at or before the time set forth in paragraph 3(a)" (emphasis added). And when such voir dire is properly requested and allowed, "the trial judge should generally approve a reasonable number of questions that . . . (ii) may reveal preconceptions or biases relating to the identity of the parties." Rule 6(3)(c) of the Rules of the Superior Court. Here, however, it was never requested. As with the statute, therefore, even if rule 6 was

4

fully retroactive, or had been in effect at the time of the defendant's trial, he was not denied any right under that rule.

3. Case law. The defendant's motion also relied upon Commonwealth v. Espinal, 482 Mass. 190 (2019). There the court held that under G. L. c. 234A, § 67A, and the court's superintendence powers, "whenever the victim and the defendant are of different races or ethnicities, and the crime charged is murder, rape, or sexual offenses against children . . . on the request of a defendant, judges are required to conduct individual voir dire regarding race and ethnicity" (emphasis added). Id. at 196. Here, the defendant was charged with larceny of a motor vehicle,[4] and he never requested individual voir dire regarding racial bias. Thus, even if G. L. c. 234A, § 67A, had been in effect at the time of the defendant's trial (instead of having been enacted, as it was, by St. 2016, c. 36, § 4), and even if Espinal were fully retroactive, the defendant was not denied any right under that stature or that decision.

The defendant's motion also relied in part on Commonwealth v. Prunty, 462 Mass. 295 (2012). There the court held that requesting individual voir dire on racial bias carried risks as well as benefits for the defense. See id. at 314-315.

---

[4] He was also charged with forgery and with credit card fraud, but the jury found him not guilty of the former and the judge ordered a required finding of not guilty of the latter.

5

"Defendants are the only ones who can make this choice for themselves, and we will not place our collective thumb on the scale." Id. at 315. As this language suggests, nothing in Prunty, even if fully retroactive, mandated individual voir dire on racial bias in every case.

4. Equal protection. The defendant's motion argued finally that equal protection principles required that the statutes, rules, and decisions discussed above be given retroactive effect. We need not reach this argument,[5] however, because we have concluded supra that treating those authorities as fully retroactive would not benefit the defendant.

Order denying motion for new
  trial affirmed.

By the Court (Sacks, Grant &
  Smyth, JJ.[6]),

Joseph F. Stanton

Clerk

Entered:  August 25, 2023.

_____

[5] The argument faces a significant hurdle.  "The mere fact that some persons were at some later date governed by a law more favorable to them than the law which applied to the defendant is insufficient to strike down an otherwise valid statute; to hold the opposite would be either to eradicate all new statutes or to make them all retroactive." Commonwealth v. Purdy, 408 Mass. 681, 685 (1990).  See Commonwealth v. Tate, 424 Mass. 236, 240, cert. denied, 522 U.S. 832 (1997).
[6] The panelists are listed in order of seniority.

6