NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-444

COMMONWEALTH

vs.

DANIEL LOPEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Daniel Lopez, brings this second appeal of his judgments of conviction under G. L. c. 265, §§ 13B and 23. In the first appeal, a panel of this court affirmed the convictions on direct review but vacated an order denying the defendant's motion for a new trial and remanded the motion for an evidentiary hearing. Commonwealth v. Lopez, 96 Mass. App. Ct. 1111 (2019). The issue was that in the absence of an affidavit from trial counsel (which appellate counsel sought but was refused), there was "no basis in the record to assign strategic purpose as the basis for trial counsel's decision not to engage or call an expert" to prepare his defense in a case where multiple children alleged sexual abuse. Id. Pursuant to

our remand, a judge[1] held an evidentiary hearing at which trial counsel and three expert witnesses testified.  On the weight of the testimony, the motion judge found that trial counsel's strategic decisions not to call or consult an expert witness were not manifestly unreasonable and did not amount to ineffective assistance.  Having now reviewed the motion judge's additional findings and rulings, we affirm.  We supply relevant and necessary facts, which are based on the motion judge's findings.

Discussion.  To succeed on a claim of ineffective assistance of counsel, a defendant must show both that trial counsel's behavior fell "measurably below that which might be expected from an ordinary fallible lawyer" and that such conduct "likely deprived the defendant of an otherwise available, substantial ground of defence."  Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).  Where the defendant's claim is based on a strategic trial decision, the standard is whether that decision was "manifestly unreasonable" when made.  Commonwealth v. Kolenovic, 471 Mass. 664, 674 (2015).  We review the motion judge's decision for an error of law or abuse of discretion.  Commonwealth v. Brescia, 471 Mass. 381, 387 (2015).  "When, as here, the motion judge did not preside at trial, we defer to

_____

[1] The trial judge had retired so the motion was heard by a different judge.

2

that judge's assessment of the credibility of witnesses at the hearing on the new trial motion, but we regard ourselves in as good a position as the motion judge to assess the trial record." Commonwealth v. Grace, 397 Mass. 303, 307 (1986).

The defendant argues that the failure to call or even consult an expert witness in a child sexual abuse case was, by itself, ineffective assistance of counsel because it deprived the defendant of substantial defenses. Namely, the defendant contends that an expert witness would have been able to assist the jury in understanding how and why children unknowingly make false sexual abuse allegations, been essential in drafting motions in limine, and helped trial counsel prepare a more effective cross-examination of the children that would have drawn out red flags and inconsistencies in their testimony. Without this guidance, the defendant argues that trial counsel was unable to provide a meaningful defense.

On this record, after an evidentiary hearing, we cannot say that trial counsel's behavior fell measurably below that of an "ordinary fallible lawyer." Saferian, 366 Mass. at 96. While the Supreme Judicial Court has held that a failure to call on expert help is ineffective assistance in cases involving the causes of deaths of infants,[2] such a standard does not apply to

---

[2] See Commonwealth v. Epps, 474 Mass. 743, 767 (2016) (trial counsel's failure to consult and call expert to rebut

3

the credibility of alleged victims' disclosures in child sexual abuse cases.  See Commonwealth v. Andrade, 98 Mass. App. Ct. 395, 399 (2020) (trial counsel's decision not to call expert where such action would tip off Commonwealth to defense theory was not manifestly unreasonable); Commonwealth v. Aspen, 85 Mass. App. Ct. 278, 280-281 (2014) (trial counsel's decision not to call expert witness not manifestly unreasonable where it would not have "added materially to the defendant's case").

Here, the motion judge credited trial counsel's testimony at the evidentiary hearing that his primary trial strategy was "implausibility," that is, that the children's accusations could not have occurred the way they said they had.  To bolster this strategy, trial counsel avoided the admission of forensic interviews where the children were younger and appeared sympathetic and compelling, and the "piling on" of evidence whereby the jury would hear the children accusing the defendant multiple times.  We cannot say that this was an unsound theory of defense.  Indeed, in a case that relied exclusively on the testimony of the children, the defendant's only available strategy was to undermine their credibility.  While calling an

---

Commonwealth's expert medical testimony deprived defendant of only available defense); Commonwealth v. Millien, 474 Mass. 417, 430 (2016) (trial counsel's failure to file motion for funds for expert where client was indigent constitutes ineffective assistance).

4

expert witness may have strengthened the presentation of that theory, it may also have cut against it, such as by opening the door to admission of the video recordings of the forensic interviews.[3]  Further, in this case, the use of an expert witness would not have changed the theory of the defense that trial counsel ultimately pursued.  Though it is possible that expert testimony may have made that strategy more robust and effective, it cannot be said that the defendant was deprived wholesale of a substantial defense.  Compare Commonwealth v. Epps, 474 Mass. 743, 767 (2016) (ineffective assistance where trial counsel did not pursue third-party culprit defense and failed to rebut expert medical testimony with evidence that child's injuries may have been accidental).

Further, the motion judge did not abuse his discretion in finding that trial counsel's decision not to consult with an expert was not ineffective assistance.  We do not require that trial counsel "descend into every rabbit hole," Commonwealth v. Tavares, 491 Mass. 362, 366 (2023), only that they make "reasonable investigations" and "reasonable decisions."  Id., quoting Strickland v. Washington, 466 U.S. 668, 691 (1984). Here, trial counsel read scientific materials, consulted with

---

[3] The interviews were excluded pursuant to the first complaint doctrine in order to avoid repeating the narrative of abuse and prejudicing the defendant.  See Commonwealth v. Aviles, 461 Mass. 60, 67-70 (2011).

5

experienced attorneys, diligently reviewed the case, and prepared appropriately for trial. Though consultation with an expert could have aided trial counsel in some respects, it was not required to prepare effectively for trial. Moreover, failing to consult with an expert witness did not deprive the defendant of a substantial defense; at worst, it minimized the efficacy of an otherwise sound strategy.[4]

> Order dated February 14,
> 2022, denying motion for
> new trial, affirmed.
>
> By the Court (Henry, Grant &
> Brennan, JJ.[5]),

> Assistant Clerk

Entered: January 16, 2024.

---

[4] The defendant's reliance on the determination in Commonwealth v. Baran, 74 Mass. App. Ct. 256, 278 (2009), that trial counsel's failures to call or investigate the use of expert witnesses in a child sexual abuse case "standing alone" were enough to show ineffective assistance, is unavailing. It is true that failing to rebut expert testimony presented by the Commonwealth may be ineffective assistance. Id. See Commonwealth v. Jacobs, 488 Mass. 597, 606 (2021). However, in Baran, supra at 267, the Commonwealth presented expert medical and psychological testimony at trial and defense counsel neither presented expert rebuttal testimony nor investigated whether to use experts or investigators. In so doing, trial counsel ceded a "decisive" advantage and therefore deprived the defendant of his only likely defense. Id. at 277. Here, however, the Commonwealth did not offer an expert witness, in part because the defendant's trial counsel affirmatively considered whether to involve expert assistance and then made strategic choices not to hire or consult an expert.

[5] The panelists are listed in order of seniority.