NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-353

COMMONWEALTH

vs.

JASON M. OSTRANDER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2022, after a jury trial in the Superior Court, the defendant was convicted of witness intimidation.[1] On appeal, he claims that there was insufficient evident to support his witness intimidation conviction, and that he received ineffective assistance from his trial counsel. We affirm.

1. Witness intimidation. "When analyzing whether the record evidence is sufficient to support a conviction, an appellate court is not required to 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.' . . . Rather, the relevant 'question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found

---

[1] The defendant was acquitted of a separate charge of strangulation.

the essential elements of the crime beyond a reasonable doubt'" (citations omitted). Commonwealth v. Rocheteau, 74 Mass. App. Ct. 17, 19 (2009). We add that "circumstantial evidence is competent to establish guilt beyond a reasonable doubt." Commonwealth v. Bush, 427 Mass. 26, 30 (1998). See Commonwealth v. Casale, 381 Mass. 167, 173 (1980) ("inferences drawn by the jury need only be reasonable and possible and need not be necessary or inescapable").

When evaluating sufficiency, the evidence must be reviewed with specific reference to the substantive elements of the offense. See Jackson v. Virginia, 443 U.S. 307, 324 n.16 (1979); Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). To establish the defendant's guilt of intimidation of a witness under G. L. c. 268, § 13B, the Commonwealth was required to prove "that the defendant (1) willfully; (2) threatened, intimidated, or harassed; (3) a witness in a criminal proceeding of any type; (4) with the intent to impede or interfere with a criminal investigation or proceeding" (quotation and citation omitted). Commonwealth v. Gardner, 102 Mass. App. Ct. 299, 304 (2023). The defendant claims that there was insufficient evidence that he either explicitly or implicitly threatened, intimidated, or harassed the victim. Although we agree that the defendant did not explicitly threaten the victim, we conclude that there was sufficient evidence to support his conviction

2

where he willfully intimidated the victim -- the Commonwealth's key witness -- with the intent to impede or interfere with his criminal prosecution at trial.

For purposes of G. L. c. 268, § 13B, "intimidation" means "acts or words that would instill fear in a reasonable person." Commonwealth v. Rivera, 76 Mass. App. Ct. 530, 535 (2010). Here, the victim testified that there was "constant fighting" during their four year long relationship, and that on several occasions, the defendant had stated, "I can get away with getting rid of you and nobody would ever know the difference." See Commonwealth v. Pagels, 69 Mass. App. Ct. 607, 613 (2007) ("the jury may consider the context in which the allegedly threatening statement was made and all of the surrounding circumstances" [citation omitted]).

While the defendant was in jail awaiting trial, he sent the victim a four-page letter in which he blamed the victim for his incarceration and later stated that the prosecution "has no case cause [sic] no physical evidence and your [sic] not going to show[,] right?"  In the light most favorable to the Commonwealth, and in context with the possessive and controlling nature of the relationship the defendant had with the victim, including his prior threats of violence toward her, the defendant's letter would have made a reasonable person fearful of the consequences of appearing at the trial.  See Gardner, 102

3

Mass. App. Ct. at 305 (sufficient evidence of witness intimidation based on letters from incarcerated defendant to victim, with whom he had an abusive and controlling relationship, which "included repeated references to the victim as both the reason for his incarceration and prosecution and the only potential key to his freedom"). The clear implication of the letter, against the backdrop of the defendant's relationship with the victim, was to threaten the victim to not appear at trial to testify against the defendant. See Commonwealth v. Perez, 460 Mass. 683, 703-704 (2011). In this light, a rational jury could have concluded that the defendant willfully intimidated the victim with the intent to obstruct his prosecution at trial.

2. Ineffective assistance of counsel. In his motion for a new trial, the defendant claimed that defense counsel provided ineffective assistance based on his failure to request that certain references in the defendant's letter to the victim be redacted because they indicated the defendant was being held in custody prior to his trial. We disagree.

We review the denial of a motion for a new trial for "'a significant error of law or other abuse of discretion,' Commonwealth v. Forte, 469 Mass. 469, 488 (2014), quoting Commonwealth v. Grace, 397 Mass. 303, 307 (1986), granting 'special deference' to the rulings of a motion judge who, like

4

the judge here, also presided at trial."  Commonwealth v. Bonnett, 472 Mass. 827, 833 (2015).  Where the defendant claims ineffective assistance of counsel, a new trial is warranted only if the defendant shows that "there has been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer -- and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence."  Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

"An attorney's tactical decision amounts to ineffective assistance of counsel only if it was manifestly unreasonable when made."  Commonwealth v. Frank, 433 Mass. 185, 190 (2001), quoting Commonwealth v. Coonan, 428 Mass. 823, 827 (1999). Under the first prong of Saferian, "[i]f the record reveals sound tactical reasons for counsel's decisions, an ineffective assistance of counsel claim will not succeed."  Commonwealth v. Gonzalez, 443 Mass. 799, 809 (2005).  "The critical inquiry is whether counsel's choice was an informed and reasonable decision; a consideration to be assessed in light of his over-all representation of the defendant at the trial."  Frank, supra at 192.

Prior to trial, defense counsel moved in limine to exclude entirely the defendant's letter to the victim because it

5

contained statements that indicated the defendant had been held in pretrial custody.  The trial judge denied that motion but gave defense counsel the opportunity to redact the letter prior to it being admitted in evidence.  Defense counsel declined the judge's offer.  As he explained in his affidavit accompanying the motion for a new trial, he was concerned that the redacted portions would leave several gaps in the letter that would raise more questions for the jury than if it was left unredacted, and he believed the jury would still intuit that the defendant wrote the letter from jail based on its entire context.[2]  As the motion judge -- who was also the trial judge to whom we owe special deference -- concluded, even if this was not the best strategy, it was not irrational, and the defendant has failed to establish that it was manifestly unreasonable.  See Frank, 433 Mass. at 192.

Even if trial counsel's choice was manifestly unreasonable, the defendant cannot satisfy the second prong of Saferian, i.e.,

_____

[2] In particular, in one sentence in the letter left unredacted, the defendant wrote:  "First, I want you to know I'm not angry with you about me being in here for 120 days."  The letter was written on May 11, 2020, and the trial took place on June 29, 2022.  Given this, defense counsel was concerned that if the letter had been redacted, the jury might assume that the defendant was held in jail for over two years rather than for only 120 days.  Counsel believed that would be far more damaging than the jury actually knowing that the defendant was held for 120 days, as the jury might speculate that the defendant was a "very dangerous individual."

that he was deprived of a substantial ground of defense.  As the judge concluded, any risk of unfair prejudice was ameliorated by his limiting instructions to disregard the portions of the letter that indicated that the defendant was in custody at the time he wrote it, because the jury is presumed to have followed this instruction.  See Commonwealth v. Bryant, 482 Mass. 731, 737 (2019).  Furthermore, the fact that the jury acquitted the defendant of strangulation demonstrated that the jury carefully weighed the evidence, and that it was not improperly influenced by the references to the defendant's incarceration.  See Commonwealth v. Delaney, 425 Mass. 587, 595 (1997).  See also Commonwealth v. Ragland, 72 Mass. App. Ct. 815, 836 (2008) ("reflective of 'jury sophistication' . . . are the discriminating jury verdicts").  In sum, this is not a case where "better work might have accomplished something material

for the defense."  Commonwealth v. Satterfield, 373 Mass. 109, 115 (1977).

Judgment affirmed.

Order denying motion for a
    new trial affirmed.

By the Court (Meade, Blake &
    Desmond, JJ.[3]),

Assistant Clerk

Entered:  February 12, 2024.

---

[3] The panelists are listed in order of seniority.