NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-26

COMMONWEALTH

vs.

DANIEL P. TOMPKINS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Commonwealth appeals from an order allowing the defendant's motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). In 2011, following a bench trial, the defendant was found guilty of two counts of manslaughter while operating a motor vehicle under the influence, in violation of G. L. c. 265, § 13 1/2; two counts of involuntary manslaughter, in violation of G. L. c. 265, § 13; two counts of felony motor vehicle homicide, in violation of G. L. c. 90, § 24 G (a); and one count of negligently operating a motor vehicle while under the influence resulting in serious bodily injury, in violation of G. L. c. 90, § 24 L.

These convictions arose from a car accident in which the defendant was allegedly driving while intoxicated and which resulted in the deaths of two passengers.  In 2019, the defendant filed a motion for a new trial claiming his trial attorney was ineffective for, inter alia, failing to consult or call a blood spatter expert and a medical expert, whose testimony would have collectively created a reasonable doubt as to whether the defendant was the driver of the vehicle at the time of the accident.  After conducting a nonevidentiary hearing, the motion judge, who was also the trial judge, denied the motion in a written decision.  On appeal from the motion, a panel of this court reversed the judge's order and remanded the case back to the Superior Court for an evidentiary hearing. Following a three-day evidentiary hearing before the same judge, the judge issued a comprehensive eighteen-page decision in which he reversed his prior ruling and allowed the defendant's motion for a new trial.  We affirm.

Background.  We summarize the relevant facts while reserving certain facts for discussion below.

This case involved a horrific automobile crash on the evening of June 20, 2007.  The primary question at trial was whether the defendant or Jeffrey Blake (Blake), another occupant in the vehicle, was driving the defendant's sport utility vehicle (SUV) at the time of the crash.  Tragically, their

2

girlfriends, Melissa Duff and Heather Buffum, were killed in the accident. At the evidentiary hearing, Elizabeth Laposata, M.D. (Laposata), and forensic consultant Paul Kish (Kish) provided expert testimony on behalf of the defendant, and Jacob L. Fisher, Ph.D., P.E., testified on behalf of the Commonwealth. In his written decision allowing the defendant's motion for a new trial, the judge summarized the testimony of each of the experts and ultimately concluded that the defendant's trial counsel was ineffective for failing to consult with or call a blood spatter expert especially where the "quantity and location of Blake's blood found around the driver's seat . . . was the core of his defense."[1] The judge specifically relied on the testimony of Kish and Laposata who each concluded, inter alia, that Blake's bloodstains found in the driver's compartment were consistent with his bleeding in the driver's seat after the vehicle had come to rest, as opposed to the blood being transferred from Blake to the driver's compartment during the crash.[2] In evaluating whether this missing testimony "might have have influenced the jury's conclusions," the trial judge wrote:

---

[1] Neither party takes issues with the judge's summary of the experts' testimony.

[2] The trial judge did not credit Laposata's biomechanical accident reconstruction testimony, finding she failed to meet the requisite criteria pursuant to Daubert/Lanigan to offer such an opinion.

3

"This bloodstaining testimony of the defendant's experts was not so devoid of credibility that a fact finder could not have believed it. In fact, the testimony is compelling. Although expressed as expert scientific testimony, it displays a commonsense quality of believability. The blood droplets appear to be free from the physical forces associated with the rolling, tumbling and crashing of the vehicle; forces that you would expect would smear and distort the droplets. Such a display would not be expected if the shedding of the blood occurred before the vehicle came to rest.

". . .

"A motion for a new trial is seldom granted and for good reason; such motions should only be granted with great reticence considering the prejudice to the Commonwealth and society's interest in resolving yesterday's problems with finality. Here, however, the nature of the Commonwealth's evidence, along with the performance of trial counsel which fell measurably below that which might be expected from an ordinary fallible lawyer, leaves the Court with a compelling belief that justice may not have been done in this case. I am not confident that the verdict would have been the same, were it not for trial counsel's 'failure to introduce the most compelling evidence of the defendant's [theory].' Commonwealth v Salazar, 481 Mass. 105, 113 (2018)."

Discussion. The Commonwealth argues that the trial judge erred and abused his discretion in allowing the defendant's motion for a new trial because trial counsel's decision to forgo a blood spatter expert was a reasonable strategic decision, and the blood spatter evidence would not have provided the defendant with a substantial ground of defense. The arguments are unavailing.

4

A defendant may obtain a new trial under Mass. R. Crim. P. 30 (b), "if it appears that justice may not have been done." However, an appellate court will review the decision "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). A defendant may prevail on a motion for new trial claiming ineffective assistance of counsel only after showing "serious incompetency, inefficiency, or inattention of counsel . . . falling measurably below that which might be expected from an ordinary fallible lawyer," which "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). A defense is substantial if a reviewing court has "serious doubt[s] whether the jury verdict would have been the same had the defense been presented." Commonwealth v. Millien, 474 Mass. 417, 432 (2016).

When the ineffective assistance claim is "based on a tactical or strategic decision, the test is whether the decision was '"manifestly unreasonable" when made.'" Commonwealth v. Kolenovic, 471 Mass. 664, 674 (2015), quoting Commonwealth v. Acevedo, 446 Mass. 435, 442 (2006). Manifestly unreasonable decisions refer only to "strategy and tactics which lawyers of ordinary training and skill in the criminal law would not

5

consider competent." Kolenovic, supra, quoting Commonwealth v. Pillai, 445 Mass. 175, 186-187 (2005).

The Commonwealth contends that it was a reasonable strategy for the defendant's trial counsel to proceed to trial without consulting or calling a blood spatter expert because, even in the absence of expert testimony, the defendant was still equipped with ample exculpatory evidence. According to the Commonwealth, this evidence included Blake's blood in the driver's compartment, testimony from three different witnesses that Blake had a steering wheel shaped bruise on his chest, and eyewitness testimony from a civilian who saw two women sitting in the backseat of the SUV when it left a boat ramp shortly before the crash. The Commonwealth also cites an affidavit provided by the defendant's appellate counsel detailing a conversation with his trial counsel who explained that he thought that consulting a blood stain expert was unnecessary because "he believed that the DNA results alone -- showing only Blake's DNA in the blood tested in and around the driver's seat area -- would be enough for a fact-finder to conclude there was reasonable doubt about who was driving." Given this affidavit as well as the purported abundance of exculpatory evidence, the Commonwealth asserts that the trial judge impermissibly relied on hindsight to mischaracterize a merely unsuccessful defense as a manifestly unreasonable one. We disagree.

6

In light of the undisputed facts of the crash, the trial judge did not need the benefit of hindsight to conclude that trial counsel was ineffective for failing to consult a blood spatter expert. In fact, it was the blood experts' testimony which formed the foundation for his changed conclusion. For example, it was undisputed at trial that the SUV struck a guardrail traveling in excess of eighty-five miles per hour, rolled over multiple times, and that at least three of the four occupants were ejected from the vehicle. It seems self-evident from the brutality of the accident that DNA evidence from any of the occupants could be found in any part of the vehicle; a fact that was seized on by the Commonwealth during trial as a "strong and convincing rebuttal" to the evidence that only Blake's DNA was found in the driver's compartment. Therefore, we agree with the judge that trial counsel's decision to forgo any expert consultation or analysis of the DNA evidence in favor of presenting readily controvertible evidence was manifestly unreasonable. Kolenovic, 471 Mass. at 674. Furthermore, expert testimony that Blake was bleeding in the driver's seat following the crash, while not dispositive of the fact that Blake was the driver of the vehicle, would have substantially bolstered the core of the defendant's defense. Accordingly, we find no abuse of discretion in the trial judge's decision allowing the

7

defendant's motion for a new trial following the evidentiary hearing. Grace, 397 Mass. at 307.

Order allowing motion for a
   new trial affirmed.

By the Court (Meade,
   Desmond & D'Angelo, JJ.[3]),

Clerk

Entered: April 25, 2025.

---

[3] The panelists are listed in order of seniority.